## J. M. BUCHANAN v. CITY OF WHITESBORO.

*No. 1070.   Decided February 10th, 1897.*

**Prosecution by City for Violation of Ordinance—Appeal Bond.**

On a prosecution for violation of a city ordinance, where judgment is rendered for the city, the bond given by defendant on appeal from said judgment to the County Court must be made payable to the city and not to the State of Texas.

APPEAL from the County Court of Grayson.  Tried below before Hon. J. H. WOOD, County Judge.

Appellant was charged by complaint in the Mayor's Court of the city of Whitesboro, Grayson County, Texas, with the offense of unlawfully and wilfully obstructing an alley in said city of Whitesboro.   He was tried and convicted in said Mayor's Court on February 6th, 1896, and his motion for a new trial was filed on February 13th, 1896, and on the same day his motion was overruled, and he gave notice of appeal to the County Court of Grayson County, Texas, and filed the following appeal bond, which was approved:

No. 70.

### THE CITY OF WHITESBORO, TEXAS,

v.

### J. M. BUCHANAN.

In the Mayor's Court of the City of Whitesboro, Grayson County, Texas.

Whereas, on the 6th day of February, A. D. 1896, in the above entitled and numbered cause, in said Mayor's Court, a judgment was rendered and entered against the defendant, J. M. Buchanan, that the city of Whitesboro have and recover of the said defendant, the sum of two ($2.00) dollars, fine and all costs of said prosecution, and from which said judgment said defendant has given notice of appeal to the County Court of said Grayson County; therefore we, the said J. M. Buchanan as principal, and B. Bennett and C. D. Anderson, as sureties, do hereby bind ourselves, our heirs, executors and administrators, jointly and severally, to the State of Texas, in the sum of fifty ($50) dollars, payable to the said State of Texas, conditioned that the said J. M. Buchanan shall prosecute his said appeal with effect, and shall pay such fine and

costs as shall be adjudged against him by said County Court, as well as all costs that have been adjudged against him in said Mayor's Court.

Witness our signatures this ——— day of February, 1896.

J. M. BUCHANAN,

B. BENNETT,

C. D. ANDERSON.

The transcript from the Mayor's Court was filed in the County Court on February 28th, 1896, and at the March term, 1896, of said court a motion was made to dismiss said appeal on the following ground, among others not considered material:

1.  The appeal bond is not payable to the city of Whitesboro, as required by law.

At the March term of said County Court, to-wit, on March 6, 1896, said motion to dismiss the appeal was sustained on the above ground, and the appeal dismissed, to which the appellant excepted in open court, and gave notice of appeal to the Court of Criminal Appeals of the State of Texas, and entered into a recognizance with sureties, according to law, in the sum of two hundred and fifty dollars.

*Galloway & Dunlap* and *Hamp Abney*, for appellant.—1. The County Court erred in dismissing the appeal in this case because the appeal bond was conditioned as the law requires, and payable to the "State of Texas" as required by law.

2.  The County Court erred in dismissing the appeal in this case because, as is shown from the complaint against appellant, he was charged with a violation of the penal laws of the State of Texas, as well as the ordinances of the city of Whitesboro. Bautsch v. City of Galveston, 27 Tex. Crim. App., 342. The offense charged being in violation of the penal laws of the State, the appeal bond could only properly be made payable to the "State of Texas." Wills. Crim. Forms, 391; Penal Code, Arts. 839, 854, 855 and 859.

No brief on file for appellee.

DAVIDSON, JUDGE.—The complaint charges appellant with obstructing an alley in the city of Whitesboro, in violation of the city ordinance. The prosecution was carried on in the Mayor's Court, and the judgment was rendered in favor of the city of Whitesboro, and it was ordered that "the said city of Whitesboro do have and recover of the defendant, J. M. Buchanan, the sum of two dollars, together with all costs in this behalf expended," and ordered him to the custody of the city marshal until such fine and costs were paid, and for the issuance of execution. This appeal bond recites the judgment correctly, to-wit: that "the city of Whitesboro do have and recover of the said defendant the sum of two dollars, the fine, and cost of prosecution," from which judgment said defendant appeals, but made the said bond payable to the State of Texas, in the sum of $50, conditioned "that the defendant shall

prosecute his appeal," etc. In the County Court, motion was made to dismiss the appeal "(1) because the appeal bond is not payable to the city of Whitesboro, as required by law; (2) the appeal bond was not filed and approved by the court below within the time and manner prescribed by law; (3) the appeal bond does not describe the judgment appealed from with sufficient certainty to identify the same in this: that it appears from the certificate attached to the transcript that the cause was tried in the Justice Court, instead of the Mayor's Court; and, further, that the bond recites that the case appealed was the case of the City of Whitesboro v. Buchanan, while the judgment appealed from, as stated in the transcript, is the State of Texas v. Curtis and Buchanan." Without going into these various questions (some of which are not well taken, and are contrary to, and in the face of, the record), we state that, so far as the motion to dismiss the appeal in the County Court is concerned, the only point worthy of notice suggested by the various grounds is that the bond is fatally defective in not making it payable to the city of Whitesboro, instead of the State of Texas. The judgment was in favor of the city of Whitesboro, and the bond describes it as a judgment in favor of the city of Whitesboro, but said bond is made payable to the State of Texas, who is not a party to the suit. Without going into a discussion of these questions at all, further than the mere statement that the appeal bond must not only correctly describe the judgment, but it must be made payable to a party to the suit, we hold that it is not a valid bond, because made payable to the State. We are of opinion that the County Court of Grayson County had no jurisdiction of the appeal from the Mayor's Court in this case, for the reason indicated. The judgment is affirmed.

*Affirmed.*