### J. M. BENNETT v. THE STATE.

*No. 1134. Decided March 3rd, 1897.*

**Recognizance on Appeal From a Judgment of Dismissal in County Court.**

If the appeal from the Justice's Court to the County Court be dismissed in that court, the recognizance on appeal from the County Court to the Court of Criminal Appeals, to be sufficient, should state, that the appeal to the County Court was dismissed; and, it will be fatally defective if, instead of such statement, it recites that appellant was convicted in the County Court.

APPEAL from the County Court of Wilbarger. Tried below before Hon. JAMES R. TOLBUT, County Judge.

This prosecution was instituted by complaint in a Justice's Court, which charged appellant with fighting together with one A. J. Card in a public place. He was convicted in the Justice's Court of an affray, and fined one cent. He appealed to the County Court. In the County Court, his appeal was on motion dismissed. From that judgment he attempts to prosecute this appeal.

The Assistant Attorney-General moved to dismiss the appeal because the recognizance does not correctly describe the judgment. The recognizance recites that he was convicted in the County Court of an affray, while the judgment of the County Court was one dismissing his appeal.

No brief for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted in the Justice's Court of an affray, and fined one cent. He prosecuted an appeal to the County

Court, and upon motion of the District Attorney his appeal was dismissed, and notice of appeal given to this court from said dismissal. The recognizance recites that defendant "stands charged in this court with the offense of an affray, as follows: On the 16th day of June, 1896, in the County of Wilbarger, State of Texas, one J. M. Bennett did then and there fight together with A. J. Card in a public place, to-wit: a place near the private residence of A. J. Card, where people were assembled for the purpose of business and pleasure, and who has been convicted of said offense in this court, shall appear before this court from day to day," etc. The Assistant Attorney-General moves a dismissal of this appeal because the recognizance should have recited that appellant's appeal was dismissed in the County Court, and not that he was convicted in said court. The point is well taken. Where a party appeals from the Justice's Court to the County Court, and the latter court dismisses his appeal, on appeal his recognizance should recite the facts; and, in that character of case, it should state that his appeal was dismissed in said court, and not that he was convicted. See, Alexander v. State (Tex. Crim. App.), 32 S. W. Rep., 695, and Biggins v. State (Tex. Crim. App.), 34 S. W. Rep., 109. The appeal is therefore dismissed.

*Dismissed.*