*AUGHT SPARR v. THE STATE.

No. 1901. Decided April 28, 1900.

**Appeal Bond Where Judgment Was in Corporation Court—Jurisdiction.**

  Where a judgment in a corporation court has been rendered in favor of the State, the appeal bond, on appeal from said judgment, must be made payable to the State. An appeal bond, in such a case, which is made payable to the "town," is such a misdescription of the judgment as renders the bond nugatory, and is insufficient to confer jurisdiction upon the county court.

  APPEAL from the County Court of Eastland.   Tried below before Hon. G. W. DAKAN, County Judge.

  Appeal from a conviction in a corporation court for disturbance of the peace; penalty, a fine of $5.

  The opinion states the case.

  *W. E. Conner,* for appellant.

  *Rob't A. John,* Assistant Attorney-General, for the State.

  DAVIDSON, PRESIDING JUDGE.—Appellant was convicted in the corporation court of the town of Eastland of the offense of disturbing the peace, and prosecuted his appeal to the county court, where, upon proper motion, his appeal was dismissed.   Thence he prosecutes this appeal.   The only question for our consideration is the ruling of the county judge dismissing the appeal, and this turns upon the sufficiency of the bond which is the basis of the appeal to the county court.   The judgment in the corporation court was in favor of the State of Texas. A description of the judgment in the appeal bond states that the town of Eastland recovered a judgment against defendant, and the bond is made payable to the town of Eastland, instead of the State.   The contention of the State here is that this is such a misdescription of the judgment as renders the appeal bond nugatory.   The point is well taken.   As we understand the rule in civil and criminal appeals, where a bond is required to consummate the appeal, the terms of the bond must be in accordance with, and not variant from, the judgment rendered.   If there is an exception to this rule, it has not been called to our attention.   This was expressly decided as late as Buchanan v. City of Whitesboro, 37 Texas Criminal Reports, 121.   The appeal bond being insufficient to attach the jurisdiction of the county court, the action of the judge of that court dismissing the appeal was correct. The judgment is affirmed

*Affirmed.*

  *This case should have appeared in the 41st volume of the Texas Criminal Reports, but it only came to hands of the Reporter on October 26, 1901, after that volume was complete.