# AUSTIN TERM, 1902.

## Walter Horton v. The State.

### No. 2264. Decided April 30, 1902.

**1.—Recognizance on Appeal from a Dismissal in County Court.**

A recognizance on appeal to this court from a judgment of dismissal of appeal in the county court, to be sufficient, must comply with the requirements of article 887, Code of Criminal Procedure. It must show that appellant was charged with, and convicted of, a misdemeanor, and what punishment was assessed against him by the judgment of the court a quo, and that his appeal to the county court was dismissed in the latter court.

**2.—Same—Approved Form for Such Recognizance.**

See opinion for a form for recognizance on appeal from a judgment of dismissal of an appeal in the county court, which is approved and adopted by this court.

**3.—Same—"Abusive Language."**

Where the recognizance on appeal recites the offense against defendant as "using abusive language," it states no offense; the use of abusive language not being the allegation of a misdemeanor.

Appeal from the County Court of Bexar. Tried below before Hon. Rob't B. Green, County Judge.

Appeal from a judgment of dismissal, in the County Court, of an appeal from the Corporation Court of the city of San Antonio.

No statement required.

No brief for appellant found with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—This is an appeal from the dismissal of the case in the County Court, the record showing the appeal was to that court from the Corporation Court of the city of San Antonio. The Assistant Attorney-General moves to dismiss the appeal because of the insufficiency of the recognizance, upon the following grounds: That the recognizance does not show, as required by article 887, Code of Criminal Procedure, that appellant was ever convicted in any court of a misdemeanor. The allegation in the recognizance, that "he stands charged with the offense of using abusive language," not showing a misdemeanor and not showing a conviction; and further, that the recognizance does not show the punishment or amount of fine adjudged against appellant in any court. We think the motion is well taken. It has been held in a number of cases that if the appeal is from a justice court to the county court and the appeal dismissed in the latter court,

the recognizance on appeal from the county court to the Court of Criminal Appeals, to be sufficient, should state that the appeal to the county court was dismissed. Bennett v. State, 37 Texas Crim. Rep., 244; Chappell v State, 2 Texas Ct. Rep., 245; Sturgeon v. State, 3 Texas Ct. Rep., 752; 65 S. W. Rep., 1067. In the latter case it was held that the recognizance was defective, because it did not state that the county court had entered a judgment dismissing the appeal from the corporation court. We do not understand the decisions above cited to dispense with the requirements stated as to a recognizance on appeal to this court in article 887, Code of Criminal Procedure. The effect of said decisions is merely to hold that where an appeal has been dismissed in the county court, in addition to the requirements in said article, the dismissal must be shown. Measuring this recognizance by said article, and the decisions thereunder, it will be seen that it fails to show that appellant was ever convicted in any court of any offense; and there is no recitation that appellant was even charged in any court with a misdemeanor. The use of abusive language not being the allegation of a misdemeanor. All that is shown is that appellant stands charged in the county court with using abusive language, and that he had appealed from the corporation court of San Antonio, and his appeal had been dismissed for want of a proper appeal bond, etc. The disposition of that case in the corporation court should have been definitely shown, and it should have been also definitely shown whether or no he was charged in that court with a violation of the city ordinance or a State offense, as that court has jurisdiction of both, and the punishment should also have been stated, as has heretofore been said. The Assistant Attorney-General has filed a very exhaustive brief and has outlined what we consider to be a good form of a recognizance in cases of this character, and it should be substantially followed in prosecuting such appeals. We adopt the same, and it is as follows:

"The State of Texas v. A. B. No. —. This day came into open court A. B., defendant in the above entitled cause, who, together with C. D. and E. F., his sureties, acknowledge themselves jointly and severally indebted to the State of Texas in the penal sum of —— dollars, conditioned: that the said A. B., who has been convicted in this cause of a misdemeanor in the justice court (or corporation court; as the case may be, describing said court), and his punishment therein assessed at a fine of $——, and who has prosecuted his appeal to the County Court of —— County, as more fully appears by the judgment of conviction and the appeal bond recited in the transcript from said justice court (or corporation court, as the case may be), and whose said appeal to the County Court as aforesaid, was on the —— day of ———, A. D. 190—, duly dismissed, and a judgment therein entered adjudging the same dismissed, as more fully appears by said judgment of dismissal duly entered in said cause, from which judgment the principal herein has prosecuted his appeal to the Court of Criminal Appeals, shall appear before this

court from day to day and from term to term of the same, and not depart without leave of this court, in order to abide the judgment of the Court of Criminal Appeals of the State of Texas in this case."

The recognizance being defective as heretofore shown, the appeal is accordingly dismissed.

*Appeal dismissed.*