## JOE MARTIN V. THE STATE.

### No. 2408. Decided June 18, 1902.

### Motion for Rehearing Decided June 25, 1902.

**1.—Recognizance on Appeal from Dismissal of Appeal from Corporation Court to County Court.**

A recognizance on appeal from a dismissal of an appeal taken from a corporation court to the county court is sufficient in its recitation, that "said appeal having been dismissed by this court because of defective appeal bond, as also more fully appears from the judgment of this court duly entered in this cause." This recitation is substantially in conformity with the form for such a recognizance as was approved by this court in Horton v. State, 43 Texas Crim. Rep., 600.

**2.—Same—Appeal Bond.**

Under provisions of the eighth section, corporation court act (Gen. Laws 26th Leg., p. 40), all prosecutions, whether under city ordinance or the provisions of the Penal Code, "shall be commenced in the name of the State of Texas," etc.; and section 10 of said act provides, that all fines and costs in the city court shall be paid into the city treasury for the use and benefit of said city. Held, that an appeal bond from said corporation court to the county court is properly made payable to the State of Texas, and is not more onerous than the law requires, because it is conditioned that appellant will pay such costs as have been adjudged against him in said corporation court. The bond must follow the judgment and is sufficient if in accordance with article 889, Code of Criminal Procedure. But see infra, paragraph 3.

### ON MOTION FOR REHEARING.

**3.—Appeal Bond from Inferior Courts to County Court—Jurisdiction.**

Article 889, Code of Criminal Procedure, as amended by act of Twenty-seventh Legislature, provides, as conditions of an appeal bond from an inferior court to the county court, "that the defendant shall well and truly make his personal appearance before the county court of said county at its next regular term, stating the time and place of holding the same, and there remain from day to day and from term to term to answer in said cause on trial in said court." Held, a bond not complying with said conditions is insufficient to confer jurisdiction upon the county court.

**4.—Jurisdiction.**

Where the county court had acquired no jurisdiction because of a defective appeal bond, this court can acquire no jurisdiction of an appeal from the county court dismissing said appeal.

Appeal from the County Court of Lavaca. Tried below before Hon. James Ballard, County Judge.

Appeal from a judgment of dismissal in the county court of an appeal

from a conviction in the corporation court for violation of a city ordinance.

No statement required.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—This prosecution originated in the city of Hallettsville, for a violation of a city ordinance in regard to leaving a horse standing in the street without being hitched or fastened. Appellant was convicted, and fined $2, and the case was appealed to the county court. It was there dismissed on motion of the county attorney on account of an alleged defective appeal bond. From said dismissal the case has been appealed to this court.

The Assistant Attorney-General has filed a motion to dismiss the appeal in this court because, he alleges, the recognizance is defective, the ground for dismissal being that the same does not recite that the judgment was duly entered dismissing said appeal from the corporation court to the said county court. The recitation of the recognizance in that respect is as follows: "Said appeal having been dismissed by this court because of defective appeal bond, as also more fully appears from the judgment of this court duly entered in this cause." In support of his contention he refers us to Horton v. State, 43 Texas Crim. Rep., 600, 4 Texas Ct. Rep., 895. In said case we laid down a form in regard to a recognizance in such cases, which on the point in issue reads as follows: "Whose said appeal to the county court as aforesaid was, on the —— day of ——, 19—, duly dismissed, and a judgment therein entered adjudging the same dismissed, as more fully appears by the said judgment of dismissal duly entered in said cause." It occurs to us that while the clause in the recognizance here does not accurately follow that laid down, yet it is substantially the same, and is sufficient. It recites the dismissal of said appeal because of a defective appeal bond, and then states, "as more fully appears from the judgment of this court duly entered in this cause."

The Assistant Attorney-General also moves to dismiss the appeal on the ground that this court has no jurisdiction, because the county court did not obtain jurisdiction, as the appeal bond from the corporation court to the county court is defective, because the same is made payable to the State of Texas instead of the city of Hallettsville; and that said appeal bond from the corporation court to the county court is more onerous than the law requires, in that it imposes a condition that appellant will pay such costs as have been adjudged against him in said corporation court, instead of the condition to pay such costs that may be adjudged against him in the event that the trial de novo results in a judgment against him of conviction. These appear to be the grounds on which the county court acted in dismissing the case. An inspection

of the record shows that, although the offense for which appellant was tried was a violation of the municipal ordinances, the recovery is on behalf of the State of Texas; that is, the recitation is, "that the State of Texas do have and recover of the defendant," etc. So that the appeal bond by its terms follows the judgment, in that it is made payable to the State of Texas. Section 8 of the corporation court act (Gen. Laws 26th Leg., p. 40) provides that "all prosecutions in said court, whether under an ordinance or under the provisions of the Penal Code, shall be commenced in the name of the State of Texas," etc. Section 10 provides that all costs and fines imposed by the said city court in any city or town or village, in any prosecution therein, shall be paid into the city treasury of said city, town or village, for the use and benefit of the city, town or village. Now, it seems that under the act in question, although the offense may be a violation of a municipal ordinance, the prosecution and recovery is in the name of the State of Texas, but really for the benefit of the city. However, we are only dealing with the form of bond to be given in such case; and we believe, as was said in Sparr's case, 42 Texas Crim. Rep., 416, and which follows other cases, that the bond must follow the judgment. Consequently the cases cited by the Assistant Attorney-General, of Buchanan v. City of Whitesboro, 37 Texas Crim. Rep., 121; Bautsch v. City of Galveston, 27 Texas Crim. App., 342; Ex parte Boland, 11 Texas Crim. App., 159, have no application, as this case must be decided under the corporation court act. Furthermore, we do not believe that said bond is more onerous than is authorized by law, but its terms are in accord with article 889, Code of Criminal Procedure. We therefore hold, that the county court erred in dismissing said appeal. The judgment is reversed and the cause remanded to the county court to be disposed of in accordance with the provisions of the statute in such cases made and provided.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—At a former day of this term this case was reversed and remanded because of the action of the county court in dismissing appellant's appeal. The Assistant Attorney-General has filed a motion for rehearing, for the first time calling our attention to the act of the Twenty-seventh Legislature, amending article 889, title 10, of the Code of Criminal Procedure, providing for the conditions of a bond given in the prosecution of appeals in justices and inferior courts. The condition of said bond under said act is as follows: "That the defendant shall well and truly make his personal appearance before the county court of said county at its next regular term, stating the time and place of holding the same, and there remain from day to day and from term to term and answer in said cause on trial in said court." This act went into effect ninety days after the adjournment of said Legislature, which adjourned on April 9, 1901. It appears from the

record that appellant was tried on July 17, 1901; his motion for new trial was overruled on July 18, 1901; and the appeal bond was executed by appellant from the corporation court in which he was originally tried, on July 23, 1901. This bond is conditioned as follows: "That he, the said Joe Martin, shall prosecute his appeal with effect and shall pay such fine and costs as shall be adjudged against him in said county court, as well as all costs that have been adjudged against him in said corporation court." The amended act of the Twenty-seventh Legislature, supra, was therefore in effect at the time appellant executed his appeal bond in said corporation court. We think the motion of the Assistant Attorney-General is good. The appeal bond does not comply with the conditions that were required by law at the time he attempted to prosecute his appeal. The county court, therefore, did not obtain jurisdiction to try appellant on his attempted appeal from said corporation court. The county court not having jurisdiction, it follows that the Court of Criminal Appeals had none in appellant's effort to prosecute his appeal to this court. The motion for rehearing is therefore granted, and the appeal of appellant to this court is dismissed.

*Motion granted and appeal dismissed.*