### HILL COUNTY v. J. M. ATCHISON ET AL.

#### Delivered November 7, 1898.

**Jurisdiction—Suit by State for Penalty.**

A suit by a county against the principal and sureties on a county convict's bond for the recovery of the fine and costs adjudged, is a suit for a penalty, of which the district court has exclusive jurisdiction under section 8, article 5, of the Constitution, authorizing it to take cognizance of suits in behalf of the State to recover penalties.

APPEAL from the County Court of Hill. Tried below before Hon. W. C. MORROW.

*Bounds & Bounds* and *Geo. P. Jordan,* for appellant.

*McKinnon & Carlton,* for appellees.

FINLEY, CHIEF JUSTICE.—This is a suit instituted in the name of Hill County, in the County Court of such county, upon a bond executed by appellees, as principal and sureties, for the amount of fine and costs adjudged against one T. D. Hancock, a county convict, who was hired to appellee J. M. Atchison by the county judge of Hill County.

The bond sued upon contains this recitation: "Whereas the above bounden J. M. Atchison has this day hired from the said J. G. Abney, county judge, one T. D. Hancock, a convict of said county, at the rate of fifteen dollars per month until he shall have discharged the sum of $360, the same being the amount of fine and costs adjudged against him in cause No.——, in the District Court of said county at its fall term, 1891, the same being due and payable as follows: $15 on the 16th day of December, 1891, and $15 on the 16th day of each month until the whole of the said $360 shall have been paid." The bond was given in accordance with articles 3744-3757, inclusive, of the Revised Statutes.

The court below dismissed the case because it had no jurisdiction, and the correctness of this holding is brought in question by this appeal.

Article 5, section 8, of the Constitution, confers jurisdiction upon the district court "in all suits in behalf of the State to recover penalties, forfeitures, and escheats." Article 1098, Revised Statute, defining the powers and jurisdiction of the district court, conforms to the language used in the Constitution and quoted above. In McGonagill v. Evans, County Judge, the Court of Appeals entertained the appeal and passed upon the merits of the case, the suit being brought upon a county con-

vict's bond smilar to the one in this case, in the justice court, and from that court appealed to the county court, and from the county court to the Court of Appeals. The question of jurisdiction is not discussed in the opinion, and we presume was not raised. 3 Wills. C. C., sec. 466. That court took cognizance of another such suit, holding the county judge not disqualified to try it. Peters v. Duke, 1 W. & W. C. C., secs. 304-305. In Grady v. Rogan, County Judge, the same court held that the county court had jurisdiction of a suit brought by a county judge, for the use of a county, upon a retail liquor dealer's bond for the penalty of $500 for a breach of the conditions of said bond.

The language used in our present Constitution giving the district court jurisdiction "in all suits in behalf of the State to recover penalties, forfeitures and escheats," is not new; it is to be found in the same expression in the Constitution of 1845, art. 4, sec. 10. In the case of Aulanier v. The Governor, 1 Texas, 663, the court held that suit must be brought in the district court to recover a penalty of $100 for selling spirituous liquors in less quantities than a quart without having obtained license. It was held that jurisdiction of such a suit was not conferred by the general language, "when the amount or value does not exceed one hundred dollars, exclusive of interest, costs and damages;" but that the suit was embraced within the expression, "all suits in behalf of the State to recover penalties, forfeitures, and escheats."

The case of State v. Eggerman, 81 Texas, 569, is where suit was brought on a liquor dealer's bond in the name of the State to recover the penalty of $500 for a breach of the conditions of the bond. It was held that the district court had jurisdiction; and in discussing the question of jurisdiction, Chief Justice Stayton said: "It is contended that this is not a suit in behalf of the State, and this proposition seems to be based on the fact that if the penalty is enforced it will inure to the benefit of Parker County. The word 'behalf' means 'in the name of,' 'on account of;' 'benefit; advantage; interest; profit; defense; vindication' (Webster); and in any of these senses this is evidently within the meaning of the Constitution a suit in behalf of the State.

"That the penalty if recovered will inure to the benefit of a county is a matter of no importance; but if it were necessary to look to the use to which the money would be applied, if collected, in order to determine whether the suit was in behalf of the State, it could not be held that the appropriation made by the statute of sums to be collected as penalties under it was not for the benefit of the State, although to be used in and by one of its municipal subdivisions for purposes in which the people of the State are all more or less interested."

This is clearly a suit for a penalty, and the exclusive jurisdiction is in the District Court.

                                                      *Affirmed.*

Writ of error refused.