JARVIS et al. v. TAYLOR COUNTY.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 20, 1913.)

MUNICIPAL CORPORATIONS (§ 642*) — APPELLATE JURISDICTION OF COUNTY COURT.

Const. art. 5, § 16, provides that the county court shall have appellate jurisdiction in cases, civil and criminal, of which justice courts have original jurisdiction. Code Cr. Proc. 1911, art. 106, provides that justices of the peace shall have original concurrent jurisdiction with other courts in all cases arising under the criminal laws of the state, in which the punishment is by fine not exceeding $200. Const. art. 5, § 22, provides that the Legislature can increase, diminish or change the civil and criminal jurisdiction of county courts. Rev. Civ. St. 1911, arts. 903–922, relating to cities and towns, establishes recorders' courts, and article 904 gives such courts jurisdiction over all cases arising under the ordinances of the city, and also concurrent jurisdiction with justices of the peace. Rev. Civ. St. 1911, art. 921, declares that appeals from judgments rendered by such corporation courts shall be heard by the county court. Held, that an appeal would not lie from the recorder's court in a case arising under the ordinances of the city, but would only lie in those cases wherein it had jurisdiction concurrently with a justice of the peace, since the statutes establishing the recorder's court did not have the effect of enlarging the jurisdiction of the county court, as originally defined by the Constitution.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1412–1415; Dec. Dig. § 642.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

---

Action by Burt T. Jarvis and others against Taylor County. From a judgment for defendant, plaintiffs appeal. Reversed.

D. G. Hill, of Abilene, for appellants. H. R. Keeble, of Abilene, for appellee.

CONNER, C. J. This is an appeal from a judgment in favor of appellee for the sum of $51.45 against Burt T. Jarvis as principal and W. L. Grogan and C. M. Tandy, sureties upon what is termed a "convict bond," executed by virtue of Revised Statutes 1911, art. 6251. The district court, which it has been held has jurisdiction to try such suits (see Hill Co. v. Atchison, 19 Tex. Civ. App. 664, 49 S. W. 141) filed the following conclusions upon which the case has been presented to us, viz.:

"I. The court finds that a complaint was duly filed in the recorder's court of the city of Abilene, Tex., duly signed and sworn to, against one Harry Newton, charging the said Harry Newton with violating an ordinance of the city of Abilene, such charge being as follows, to wit: 'That one Harry Newton, on or about the 29th day of July, 1909, did then and there unlawfully go upon the platform of a railroad company, to wit, the Texas & Pacific Railway Company's passenger station platform while a passenger train was standing in front of said station and pulling out of said station, and while he, the said Newton, was pursuing the calling of a driver for a vehicle, to wit, a bus, for the purpose of soliciting customers and patronage of persons for said vehicle, and did then and there so solicit customers and patronage of persons for said vehicle, contrary to said ordinance, and against the peace and dignity of the state. And the said Harry Newton, as aforesaid, did on or about the 29th day of July, A. D. 1909, within the territorial limits of the city of Abilene, Taylor county, Tex., then and there while pursuing the calling of a driver of a vehicle, to wit, a bus, unlawfully go upon the platform of a railroad company, to wit, the Texas & Pacific Railway Company's passenger station platform, while a train was standing in front of said station and pulling out of said station, for the purpose of soliciting patronage and customers of persons for said vehicle, and did then and there make representations to induce persons to patronize said vehicle, contrary to said ordinance, and against the peace and dignity of the state.'

"II. That there was such an ordinance existing in the city of Abilene, Taylor county, Tex., prohibiting a person from doing these things charged against the said Harry Newton in said complaint.

"III. That the said Harry Newton was duly tried in the said recorder's court of the city of Abilene, Taylor county, Tex., and convicted upon said charge, and from the judgment of conviction in said corporation court, said Harry Newton duly perfected an appeal to the county court of Taylor county, Tex.; that said appeal, when perfected in the county court as aforesaid, became cause No. 3188, against the said Harry Newton, and upon a trial de novo in said county court at the February term, 1910, judgment was duly rendered against said Harry Newton, convicting him of said offense, his punishment being assessed by said judgment at a fine of $10 and all costs; that said fine and costs amounted to the sum of $51.45 being as follows:

| | |
|---|---:|
| County attorney's fees | $10 00 |
| County clerk's fees | 5 70 |
| District clerk's fees | 1 75 |
| Sheriff's fees | 3 60 |
| Witness fees | 3 00 |
| Fees in city court | 14 65 |
| Fine | 10 00 |
| Trial fee | 5 00 |
| Judge's fee for approving bond | 1 50 |
| Capias provine | 75 |
| | $55 95 |

"That the plaintiff asks for judgment only for the sum of $51.45 waiving the balance as being fees taxed up subsequent to the giving of the bond.

"IV. That in order to release the defendant from custody, the following convict bond was entered into, to wit:

"'The State of Texas, County of Taylor. Know all men by these presents: That we, Burt T. Jarvis as principal * * * as sureties, are held and firmly bound unto T. A. Bledsoe, county judge of Taylor county, and his successors in office in the penal sum of fifty-one and 45/100 dollars for the payment of which well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. The condition of this obligation is such that, whereas, the above bounden, Burt T. Jarvis has this day hired from the said T. A. Bledsoe, county judge, one Harry Newton, a convict, of said county, agreeing to pay for said convict at the rate of twenty dollars per month until he shall have discharged the sum of fifty-one and 45/100 dollars, the same being the amount of fine and costs adjudged against him in cause No. 3157, in the county court of said county at its February term, A. D. 1910, the same being due and payable as follows: $20.00 on the 26th day of March, 1910. $20.00 on the 26th day of April, 1910. $11.45 on the 26th day of May, 1910. Now, should the said Burt T. Jarvis promptly and faithfully pay to the said T. A. Bledsoe, county judge, at his office in Abilene, Taylor county, Texas, as aforesaid, or his successors, in office, all such sums of money as may become due under and according to the tenor of this bond and treat said convict humanely while in his employment, furnishing him with a sufficient quantity of good and wholesome food and comfortable clothing and medicine when sick and not require the convict to work at unreasonable hours or for a longer time dur-

ing any one day than other laborers doing the same kind of labor or accustomed to work, then this obligation shall be null and void, otherwise to remain in full force and effect.

" 'Witness our hands this the 26th day of February, A. D. 1910. Burt T. Jarvis. W. L. Grogan. C. M. Tandy.

" 'Approved: T. A. Bledsoe, County Judge.'

"The above document has an affidavit on the back of it made by Harry Newton that he is too poor to pay the fine and costs adjudged against him.

"The bond bears the file mark of the county clerk of Taylor county, Tex., under date of February 26, 1910, and has No. 3032, at the top of it, as an indorsement.

"V. That said bond is due and unpaid and that there has been a default in the payment of the same, and that proper demand has been made of the defendants herein for the payment hereof, which demand was refused, and that the said bond is taken for no other offense than the said offense charging the defendant with the 'violation' of an ordinance of the city of Abilene, Taylor county, Tex., but which cause was tried in the said county court on appeal, and culminated in said county court judgment.

### "Conclusions of Law.

"The court concludes, as matter of law, that the bond which was given to the county judge of Taylor county, Tex., being based upon a judgment rendered in that court for fine and costs, was a valid bond, and is enforceable under the law, and, so concluding, the court renders judgment in favor of the county against the parties thereto."

It will be observed that the offense for which Harry Newton, the alleged convict, was convicted is not one defined as a criminal offense in the penal laws of the state, but is an offense only by virtue of a violation of a city ordinance, relating alone to its particular government.. The question, therefore, arises whether in such case an appeal from the recorder's court of the city of Abilene was appealable to the county court of Taylor county. If it was, the county court judgment is conclusive, and in such case there can be no question of the legality of the bond sued upon in this case, or of the judgment rendered. If not, the judgment upon which the bond in question rests is void, and the county's suit must fail.

The constitutional provisions defining the jurisdiction of county courts (see article 5, § 16), so far as here pertinent, are as follows: "The county court shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice's court as the same is now or may hereafter be prescribed by law. * * * They shall have appellate jurisdiction in cases, civil and criminal, of which justices' courts have original jurisdiction," etc. What, then, is the jurisdiction of a justice

of the peace in criminal cases upon which the appellate jurisdiction of the county court is made to depend? It is thus defined in article 106 of the Code of Criminal Procedure: "Justices of the peace shall have and exercise original concurrent jurisdiction with other courts in all cases arising under the criminal laws of this state in which the punishment is by fine only, and where the maximum of such fine may not exceed two hundred dollars, except in cases involving official misconduct."

The Constitution further provides, however, that the Legislature shall have the power to "increase, diminish or change the civil and criminal jurisdiction of the county courts," conforming the jurisdiction of other courts to the change. See Constitution, art. 5, § 22. So that in determining the vital question involved it becomes important to consider the legislation on the subject to see whether the appellate jurisdiction of the county court as prescribed in section 16, art. 5, of the Constitution has been changed.

Act of 1899, p. 40, carried forward in chapter 5, tit. 22, of the Revised Statutes 1911, relating to cities and towns, provides for the establishment of recorders' courts, and declares (see article 904) that said court shall have jurisdiction within the territorial limits of the city, town, or village wherein it is established "in all criminal cases arising under the ordinances of said city, town or village * * * and shall also have jurisdiction concurrently with any justice of the peace in any precinct in which said city, town, or village, is situated in all criminal cases arising under the criminal laws of the state in which the punishment is by fine only," etc. The chapter further provides (article 921) that "appeals from judgments rendered by such corporation courts shall be heard by the county court" except in cases not necessary to here notice. The Code of Criminal Procedure (article 101) also declares that "the county courts shall have appellate jurisdiction in criminal cases of which justices of the peace and other inferior tribunals have original jurisdiction."

A consideration of these and other articles leads us to the conclusion that under our law a justice of the peace is not given jurisdiction over an offense not defined by the laws of the state, and that the appellate jurisdiction of the county court is limited by the Constitution to such cases only as justices' courts may take original jurisdiction. We find no authority, and none has been cited, which would authorize a justice of the peace to entertain jurisdiction and, try an offender for a violation of an ordinance of a city which is not a violation of a state law, and which relates alone to some internal regulation of the city. Article 921 of the Revised Statutes and article 101 of the Code of Criminal Procedure, relating to appeals to the county court, should not be given the effect of enlarging the appellate jurisdiction of the

county court as defined by the Constitution, unless the legislative purpose to do so is expressed or arises by necessary implication, and this we do not think is the case. These statutes, we think, when properly construed, are in harmony with the constitutional provisions. Article 921 of the Revised Statutes, which declares that "appeals from judgments rendered by such corporation courts shall be heard by the county court," etc., does not declare that all cases tried by a recorder may be appealed to the county court, nor undertake to define the character of case that may be so appealed. It is certainly true that under the Constitution certain of the cases tried by a recorder's court may be so appealed, for the recorder, as has already been seen (article 904) has been given jurisdiction to try, not only all criminal cases arising under an ordinance of the city, but also, concurrently with any justice of the peace, to try criminal cases of which the justice's court has original jurisdiction, and to the latter class of cases alone article 921 should be held to apply. So article 101 of the Code of Criminal Procedure, already quoted, is in harmony with the jurisdiction of the county court as defined by the Constitution, for it is there said that the appellate jurisdiction of the county court applies "in criminal cases of which the justice of the peace and other inferior tribunals have original jurisdiction." That is to say, the appellate jurisdiction extends to criminal cases of which both a justice of the peace *and* the inferior tribunals have original jurisdiction. In case of recorders this is true only of misdemeanors of which a justice's court has original jurisdiction.

The view expressed also seems to be in harmony with other provisions of the statutes. Chapter 5, tit. 22, already referred to, provides (article 913) that all costs and fines imposed by the recorder's court shall be paid in the city treasury of the city, town, or village, for its use and benefit. Article 836, c. 4, of the title confers authority upon the city council or board of aldermen to compel and force all offenders against any ordinance of the city found guilty by a recorder or mayor, and sentenced to a fine and imprisonment, to labor on the streets and alleys of the said city, or any public work, under such regulations as may, by ordinance, be established. The next article also confers authority upon the council to compel any person who may be convicted of a violation of any of the ordinances of the city, and who may have been committed to jail in default of payment of the fine and costs adjudged against him, to be hired out to any individual company, or corporation, within the county in which the conviction is had, for the purpose of paying off and discharging said fine and costs under such regulations as may be prescribed by ordinance, and to pass such ordinances as may be necessary to the regulation and enforcement of said contract of hire. These provisions are entirely distinct from, and seem just as comprehensive as, similar provisions of the statute relating to county convicts over which commissioners' courts have been given control, and by virtue of which the bond sued upon in this case was executed. See chapters 3 and 4, tit. 104, Revised Statutes 1911. In cases of county convicts fines and the proceeds derived from county convict bonds go to the county and not to the city. The implication is strong that the legislative purpose in thus providing separate regulations for the enforcement and collection of fines imposed in criminal cases was to enable a city, to the exclusion of the county, to appropriate to its own use fines imposed for a violation of its ordinances not defined as a misdemeanor under the state law. But little effect could be given to this purpose if in such cases an appeal may be taken to the county court where the trial is de novo, and where the fine, if adjudged, goes to the county. See Revised Statutes, arts. 1421, 1423, 1438, 6253. Not only do the legislative provisions carefully define the respective rights of the city and county to fines, but it is also apparent that it was intended by expressly giving a right of appeal where the case is one over which a justice court has original jurisdiction to deprive the city of absolute or final control in matters of general concern denounced by a statutory law. A corresponding right of the city to independent control and supremacy in the enforcement of all lawful ordinances regulating its purely internal government would seem to be reasonable, and doubtless accounts for the failure of the Legislature to expressly confer the right of appeal in such cases. At all events, in the absence of more explicit legislative expression, we feel unwilling, from the statutes found, to imply a right of appeal in the class of city cases indicated, contrary, as we think, to the plain intendment of section 16, art. 5, of the Constitution.

The law provides, upon an appeal to the county court from a criminal case of which it has appellate jurisdiction, that the trial shall be de novo. The bond sued upon in this case was executed by virtue of the judgment of the county court as specified in the court's conclusions, and we are therefore of the opinion that the judgment of the county court is a nullity for want of jurisdiction, and that hence the bond sued upon in this case must fall, together with the judgment upon which it rests, for it will be accepted as true, we think, without the citation of authority, that a statutory bond given to secure an enlargement of the person from illegal restraint is nonenforceable. The trial court's conclusions of fact are therefore adopted, but the judgment is reversed and judgment here rendered for appellants in accordance with the foregoing opinion.

Reversed and rendered for appellants.