TAYLOR COUNTY v. JARVIS et al.
(No. 45-2708.)

(Commission of Appeals of Texas, Section A. March 5, 1919.)

MUNICIPAL CORPORATIONS $\Longleftrightarrow$642(1) — VIOLATION OF ORDINANCE—CORPORATION COURT —APPEAL TO COUNTY COURT.

In view of Const. art. 5, §§ 1, 22, and Vernon's Sayles' Ann. Civ. St. 1914, arts. 903, 904, 921, and Code Cr. Proc. 1911, arts. 101, 894, 897, an appeal may be taken to county court from corporation court, upon conviction of violation of a city ordinance, not constituting an offense defined by the Penal Code.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Taylor County against Burt T. Jarvis and others. Judgment for plaintiff reversed by Court of Civil Appeals (163 S. W. 334, 168 S. W. 415), and plaintiff brings error. Affirmed.

E. M. Overshiner, of Abilene, for plaintiff in error.

D. G. Hill, of Abilene, for defendants in error.

TAYLOR, J. Harry Newton was convicted in the corporation court of the city of Abilene for alleged violation of a city ordinance. The offense, for which he was convicted, is not one defined by the Penal Code of the state, but is an offense arising solely by virtue of a city ordinance, or what may be conveniently termed a municipal offense. The defendant prosecuted an appeal from the judgment to the county court of Taylor county, and on trial of the case de novo was again convicted. He secured his enlargement by furnishing a convict bond executed by Bert T. Jarvis as principal and W. L. Grogan and C. W. Tandy as sureties. Suit was filed by Taylor county against the principal and sureties on the bond to enforce its collection, and on a trial without a jury judgment was rendered for the plaintiff. The Court of Civil Appeals reversed the judgment of the lower court, and rendered judgment in favor of the defendants, on the ground that bond sued on was invalid, in that it was executed by virtue of a county court judgment in a case not appealable to the county court. 163 S. W. 334.

The sole question for decision is whether the criminal case against Newton was appealable to the county court. If so, the convict bond sued on was valid, and the judgment of the district court recognizing its validity should be affirmed.

Section 1, art. 5, of the Constitution as amended in 1891 provides that:

"The judicial power of this state shall be vested in one Supreme Court, etc. * * * The Legislature may establish such other courts as it may deem necessary, and prescribe the jurisdiction and organization thereof," etc.

In 1899 the Twenty-Sixth Legislature created a corporation court and conferred upon it, in addition to original jurisdiction over criminal cases growing out of purely municipal offenses, concurrent original jurisdiction with justice courts over criminal cases arising within the city limits, under the laws of the state of which the justice court has original jurisdiction. Ver. Sayl. Civ. Stats., arts. 903, 904.

Section 22 of article 5 of the Constitution confers on the Legislature power to increase, diminish, or change both the both civil and criminal jurisdiction of county courts, and provides that:

"In cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change."

Article 894 of the Code of Criminal Procedure 1911 provides that a defendant in any criminal case, upon conviction, has the right of appeal under the rules therein prescribed. Under the provisions of article 897 of the Code appeals from judgments rendered by the justice courts and other inferior courts in criminal cases are to be heard by the county court in those counties that do not have a criminal district court. Section 16 of the act referred to creating a corporation court provides for an appeal from the judgment of that court to the county court, and does not except therefrom judgments in criminal cases involving purely municipal offenses. Ver. Sayl. R. C. S. art. 921. Under the terms of the act, both municipal offenses and offenses arising under the laws of the state within the municipality are designated as criminal cases. Article 904, supra.

Article 101, Revised Code of Criminal Procedure 1911, provides that:

"The county courts shall have appellate jurisdiction in criminal cases of which justices of the peace and other inferior tribunals have original jurisdiction."

It should be noted that the only inferior tribunal, besides the justice court, having original jurisdiction to try the class of criminal cases referred to in said article, is the corporation court, and that the only court designated by the Legislature to exercise appellate jurisdiction over cases originating in that court is the county court.

The effect of the language of said article 101 of the Code is not to extend the appellate jurisdiction of the county court of criminal cases to those cases only of which both the justice court and other inferior tribunals have concurrent original jurisdiction. The article does not state that the original jurisdiction referred to must be concurrent, nor does the language warrant such an implication. Its effect is to confer upon the county court appellate jurisdiction of criminal cases of which the justice court has original jurisdiction, and of which "other inferior tribunals" have original jurisdiction.

The question of whether corporation court cases growing out of municipal offenses are appealable to the county court was first raised in the case of Bautsch v. City of Galveston, 27 Tex. App. 342, 11 S. W. 414. The conclusion there reached is in direct conflict with the holding of the Court of Civil Appeals in its opinion in this case. In the recent case of Hickman v. State, 79 Tex. Cr. App. 125, 183 S. W. 1181, the Court of Criminal Appeals, after reviewing the authorities, including the opinion in this case, affirmed the holding in the Bautsch Case, supra, upholding the right of appeal from the corporation court to the county court in cases involving municipal offenses, as well as in cases of which both the justice court and the corporation court have original jurisdiction. This holding is, in our opinion, correct.

We recommend, therefore, that the judgment of the Court of Civil Appeals be reversed and that of the trial court affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.