## No. 5434.

### Warren Galloway *v.* The State.

1. Interpretation of the Codes—Restoration of Criminal Juris-
diction to the County Court.—The county court of Burnet county
was one of the county courts which, by the Act of the Seventeenth
Legislature (Reg. Sess, 1881, chap. 19, pp. 12 and 13), entitled "An Act
to diminish the civil and criminal jurisdiction of county courts," was
deprived of jurisdiction of all matters and causes, civil and criminal,
over which it theretofore had jurisdiction under the general laws of
the State, except as to matters of probate, etc.    Section 5 of the Act of
March 24, 1885 (Gen. Laws 19th Leg., Reg. Sess., chap. 49, pp. 47 and 48), •
entitled "An Act to restore and confer upon the county courts of * * *
counties [including Burnet county] the civil and criminal jurisdiction
heretofore belonging to said courts under the Constitution and General
Laws of the State," etc., reads as follows: "Said county courts shall have
exclusive original jurisdiction of all misdemeanors except misdemean-
ors involving official misconduct, and except cases in which the highest
penalty of fine that may be imposed under the law may not exceed two
hundred dollars; and said court shall also have appellate jurisdiction
in criminal cases in which justices of the peace and other inferior tribu-
nals in said county have original jurisdiction." *Held*, that the effect of
the said Act of March 24, 1885, was to reinvest the county court of Burnet
county with the criminal jurisdiction of which it was deprived by the
said Act of the Seventeenth Legislature.  See the opinion *in extenso* on
the question.
2. Sale of Whisky on Sunday— Variance. — The prosecution was for
selling whisky on Sunday.  It is in proof that the beverage sold was
"whisky cocktail," a compound in which whisky was the predominant
element.  *Held*, that the sale was of "whisky" within the purview of
the statute, and that there was no variance between the allegation and
the proof.

Appeal from the County Court of Burnet.  Tried below before
the Hon. J. A. Crews, County Judge.

The conviction in this case was for the sale of whisky on Sun-
day, and the penalty imposed was a fine of thirty dollars.

The disposition made of the appeal calls for no statement of
the facts proved on the trial.

*R. H. Ward,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.    Appellant was indicted under Article 186 of the Penal Code for selling whisky on Sunday.    The case was regularly transferred from the district to the county court for trial.    He was tried and convicted in the county court. Amongst other defenses he pleaded to the jurisdiction of the county court, claiming that said court, under existing laws, had no authority to hear and determine the cause.

By Act of the Seventeenth Legislature, regular session 1881, chapter 19, pages 12 and 13, entitled "An Act to diminish the civil and criminal jurisdiction of the county courts" of the several counties therein named (of which Burnet county is one), such county courts were deprived of jurisdiction of all matters and causes, civil and criminal, over which they had heretofore had jurisdiction under the general laws of the State, except as to matters of probate, etc.    In fact, these courts were deprived of all criminal jurisdiction (Gen. Laws, 17th Leg., pp. 13, 14), and all laws in conflict with that act were expressly repealed by it.    (Id., sec. 5, p. 13.)

By Act approved March 24, 1885, an attempt was made by the legislature to restore this jurisdiction.    Chapter 49 of the general laws of the regular session of the Ninteenth legislature, pages 47 and 48, contains an Act entitled "An Act to restore to and confer upon the county courts (of several named counties, one of which is Burnet) the civil and criminal jurisdiction heretofore belonging to said courts under the Constitution and general statutes of the State," etc.    With regard to the restoration of criminal jurisdiction the only provision is that contained in section 5 of said Act, and that reads as follows, viz.:  "Said county courts shall have exclusive original jurisdiction of all misdemeanors except misdemeanors involving official misconduct, and except cases in which the highest penalty of fine that may be imposed under the law may not exceed two hundred dollars; and said court shall also have appellate jurisdiction in criminal cases in which justices of the peace and other inferior tribunals of said county have original jurisdiction."

There can be no question as to the intent of the legislature as expressed in the caption of this Act.    It was to restore fully the jurisdiction as the same theretofore existed under the Constitution and the general laws.    If we compare the language used in section 5, supra, with that used in section 6, Article V. of the

Constitution, as to the criminal jurisdiction of county courts, we will find a substantial concordance, and as to the general statute on the subject (Code Crim. Proc., art. 72), a comparison of language will show almost a literal reproduction of the general law by the section. The constitutional and general statutory provisions have uniformly been construed to confer *concurrent* jurisdiction upon the county court, with inferior courts, of misdemeanors not involving official misconduct, where the highest penalty imposed did not exceed two hundred dollars. (Woodward v. The State, 6 Texas Ct. App., 296; Jennings v. The State, Id., 301; Leatherwood v. The State, 6 Texas Ct. App., 244; Chaplin v. The State, 7 Texas Ct. App., 87.)

In this section 5 the limitation made by the exceptions named has reference, and can have reference, only to the *"exclusive* original jurisdiction" of the county courts. It is this *"exclusive"* jurisdiction which is the subject matter for which alone the section is providing in reference to original jurisdiction. *Concurrent* original jurisdiction is not mentioned, nor is it attempted to be provided either for or against by the terms used. Now, whilst it is true that the Act of 1881, supra, divested the county court of Burnet county of *all* such criminal jurisdiction, and expressly repealed all laws in conflict with said Act, it certainly will not be contended that the repeal actually repealed the general laws of the State as to such misdemeanors in other than the counties named. Such construction would be an absurdity. The general laws, then, were left intact, save as to the counties named, and were still subsisting general laws as to the balance of the State. It is contended that the Act of 1885, restoring the jurisdiction and repealing the Act of 1881, did not revive the laws which the said Act had repealed, and we are cited to Article 3127 of the Revised Statutes, which reads: "Whenever one law which shall have repealed another shall itself be repealed, the former shall not thereby be revived, without express words to that effect."

The express words of the caption of chapter 49, Acts of 1885, is to restore to the county courts "the civil and criminal jurisdiction heretofore belonging to said courts under the Constitution and general statutes of the State." This caption is a part of the law, and the Constitution requires that the subject of the Act shall be expressed in its title, and an Act is void as to subjects not embraced in the title. (Const., art. 3, sec. 35.)

In our opinion the object and purpose of the Act of 1885 were to restore and confer upon the county court of Burnet county

such jurisdiction as it had under the Constitution and general laws prior to the act of 1881; and that the provisions of that Act are amply sufficient for that purpose.    Under the general laws and Constitution, the county court had jurisdiction of the misdemeanor charged in this case.    The objection to the jurisdiction, therefore, is not tenable.

As charged in the indictment, the offense was selling *"whisky"* on Sunday.    The evidence showed that the article sold was *"whisky cocktail,"* and it is claimed that there is a fatal variance between the allegation and the proof.    It is in proof that what is called "whisky cocktail" is only a mode of preparing whisky as a beverage.    Whisky is the predominant ingredient.    In selling the compound, the accused undoubtedly sold *whisky,* which was a component part of the article sold, and the main ingredient designed and desired in the sale and purchase.    If whisky be present as the predominant element in the mixture, it is immaterial that bitters and tonics be used to qualify or render it more palatable as a beverage.    (Wall v. The State, Ala. S. C. 1886, 8 Crim. L. Mag., 202.)    Mr. Wharton says: "If pretexts such as these are sustained, the worst vendors of the worst liquors would be the best protected by law." (2 Whart. Crim. L., 8 ed., sec. 1507.)

We have found no error in the conviction in this case, and the judgment is affirmed.

*Affirmed.*