### FRANK THIELEN v. THE STATE.

#### No. 2364. Decided November 27, 1901.

**Appeal Bond from Corporation Courts—Sufficiency of.**

Appeal bonds from corporation courts are governed by provisions of article 889, Code of Criminal Procedure, with regard to appeal bonds from justice courts, and that article prescribes no particular form for such bonds. Where such bond from the corporation court shows the date of the judgment, the parties and title of the court, and the amount of the fine adjudged, it is sufficient although it does not contain the file number of the case.

Appeal from the Criminal District Court of Galveston. Tried below before Hon. A. C. Allen.

Appeal from a judgment dismissing an appeal from the Corporation Court on account of insufficiency of the appeal bond.

The opinion states the case

*Marsene Johnson,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was tried in the Corporation Court of the city of Galveston, and convicted of an assault and battery; his punishment being assessed at a fine of $5. He prosecuted an appeal to the Criminal District Court of Galveston County, filing his appeal bond in the Corporation Court. The bond is in the ordinary form, but fails to contain the file number of said case in said Corporation Court. Motion was made by the State in the Criminal District Court to quash said appeal bond and dismiss the appeal on the ground that the bond did not contain the file number, and therefore the case in which the appeal was prosecuted was not sufficiently identified. We do not agree with this contention. Article 889, Code of Criminal Procedure, provides for appeal bonds from justice courts, which is the same as is provided for appeals in corporation courts (Acts Twenty-sixth Legislature, page 44, section 16), and does not prescribe any particular form for such

appeal bonds. Said article provides that appellant shall give a bond, to be approved by the court from whose judgment he prosecutes the appeal, in an amount not less than double the amount of the fine and costs adjudged against him, conditioned that he will prosecute his appeal with effect, and shall pay such fine and costs, etc. Now, the only question is whether or not the case in which the appeal is prosecuted, lacking the file number, sufficiently identifies the cause. Said bond, in the caption, shows the parties, "The State of Texas v. Frank Thielen," and also the title of the court. It shows the date of the judgment, and the amount of fine adjudged against him. This, in our opinion, is a sufficient identification of the case appealed from. This is not like the case of Scarborough v. State (Texas Criminal Appeals), 20 Southwestern Reporter, 584. In that case, not only the number of the case was lacking, but the recitation as to the date of the rendition of the judgment was erroneous; nor did the signature of the defendant appear either in the body or at the end of the bond. There was evidently in that case nothing to identify the cause. In Eichman v. State, 22 Texas Criminal Appeals, 137, the appeal bond omitted the date of the rendition of the judgment, yet it was held that, containing the other elements of an appeal bond, it was sufficient. The question here presented is merely one of identity, and it occurs to us that the case in which the bond was taken was sufficiently identified.

The judgment of the Criminal District Court of Galveston County quashing the bond and dismissing the appeal is reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*