### PINK HICKMAN v. THE STATE.

No. 3966.   Decided March 1, 1916.

**1.—City Ordinance—Corporation Court—County Court—Appeal—Jurisdiction.**

Where appellant was convicted in the Corporation Court of a city for violating the city ordinance, from which conviction he appealed to the County Court of the county of the prosecution, the latter court had jurisdiction to entertain the appeal. Following Taylor v. State, 16 Texas Crim. App., 514, and other cases; contra Jarvis v. Taylor County, 163 S. W. Rep., 334.

**2.—Same—Corporation Court—City Ordinances.**

Since the adoption of the amendment to the Constitution of 1891, section 1, article 5, has been held by both the Supreme Court and this court that the

Legislature has the power to create a Corporation Court with power and authority to enforce both laws of the State and city ordinances. Following Ex parte Abrams, 56 Texas Crim. Rep., 465, and other cases.

**3.—Same—Right of Appeal—Corporation Court—County Court—Practice.**

Under the Act of the Legislature of 1899, under section 16 of said Act the right of appeal from a Corporation Court to the County Court is specifically recognized in all criminal cases arising under the ordinances of the city, town or village of which the justice of the peace has concurrent jurisdiction, and where the fine is not in excess of two hundred dollars, and the rules of pleading, practice and procedure established for the County Court apply to such Corporation Court where the prosecution is either for the violation of a city ordinance or the law of this State.

**4.—Same—Constitutional Law—Statutes Construed—Justice Court—Inferior Tribunals—Criminal Offense—Appeal.**

Section 22, article 5, Constitution of Texas, authorizes the Legislature to confer jurisdiction on the County Court to entertain appeals from the Corporation Court, Justice Court and other inferior tribunals, and section 16 of the Act of 1899 provides for an appeal to the County Court from said Corporation Courts, and a trial de novo; and said Act of 1899 specifically defines a violation of the city ordinance to be a criminal offense.

Appeal from the County Court of Lampasas. Tried below before the Hon. J. Tom Higgins.

Appeal from a conviction of a violation of a city ordinance; penalty, a fine of one dollar, from which defendant appealed to the County Court, which latter court dismissed the appeal for want of jurisdiction.

The opinion states the case.

*Matthews & Browning,* for appellant.—Cited Strauss v. State, 173 S. W. Rep., 663; Buchanan v. City of Whitesboro, 38 S. W. Rep., 1003, and cases cited in opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was convicted in the Corporation Court of the City of Lampasas for violating an ordinance of that city, from which conviction he prosecuted an appeal to the County Court of Lampasas County.

When the cause came on to be heard, the county judge held that no appeal would lie to the County Court from a conviction in the recorder's court for violation of a city ordinance, and dismissed the appeal. From this order of dismissal appellant has appealed to this court, and the question presented is, will an appeal lie to the County Court from a conviction for violating a city ordinance had in the Corporation Court of such city?

This question first came before this court in the case of Bautsch v. City of Galveston, 11 S. W. Rep., 414, and it was held that such an appeal would lie, and this court has uniformly followed that opinion since its rendition. Loper v. State, 17 S. W. Rep., 1090; Taylor v. State, 16 Texas Crim. App., 514; Robbins v. State, 20 S. W. Rep., 359;

Thielen v. State, 65 S. W. Rep., 533; Strauss v. State, 173 S. W. Rep.,. 663; Buchanan v. City of Whitesboro, 38 S. W. Rep., 1003; McNamara v. Druse, 26 S. W. Rep., 506.  And, so far as we are aware, it is the practice in this State to permit and entertain appeals from a conviction for a violation of city ordinances in virtually all the County Courts in this State, following the above line of decisions.

However, our attention has been called to the case of Jarvis v. Taylor County, 163 S. W. Rep., 334, wherein, in a well considered and ably written opinion, Chief Justice Conner, of the Fort Worth Court of Civil Appeals, has taken a different view of the law, and holds that an appeal will not lie from a conviction for a violation of a city ordinance in the Corporation Court to the County Court, and we suppose the trial judge in this case was following that opinion.

We would feel loath to disturb the unbroken rule of decision of this court covering a number of years, and would not do so, unless fully convinced that the court was in error.  However, having great respect. for the court rendering the opinion in Jarvis v. Taylor County, supra,. and especially for the opinion of the learned Chief Justice who wrote that opinion, we have again entered into a study of this question, with the view, if we became convinced this court was in error, to frankly so say.

The provisions of the Constitution governing the jurisdiction of the County Courts is found in sections 16 and 22 of the Constitution.  In article 16, the County Court is specifically given appellate jurisdiction in all cases arising in the Justice Court; and, in section 22, the Legislature is given power to increase, diminish or change the criminal jurisdiction of County Courts.

So the Legislature has full authority to confer jurisdiction on the County Court to entertain appeals from the Corporation Court, and the question is, has it done so?

There was formerly a conflict in the decisions of the courts of this State as to whether or not city courts could try criminal cases for violation of laws of the State, and in order to avoid this conflict, an amendment to the Constitution was adopted in 1891, it being provided in section 1 of article 5, after naming certain courts: "The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the District and other inferior courts thereto." Since the adoption of that provision of the Constitution, our Supreme Court and this court have been called upon to pass upon the amendment, and in Harris County vs. Stewart, 91 Texas, 133, it was held that the Legislature might and had created a Corporation Court, with power and authority to enforce both laws of the State and city ordinances, and this holding was upheld by this court in Ex parte Abrams, 56 Texas Crim. Rep., 468.  So it is now uniformly held that the Corporation Court is a valid court, with authority to try persons charged with offenses either for violation of city ordinances or infractions of the law of the State.  I do not understand Chief Justice Conner to hold

that, if one is tried in the Corporation Court for a violation of a State law, no appeal would lie to the County Court, but his opinion seems limited to the holding that, if tried for a violation of a city ordinance, the judgment of the Recorder's Court is final and no appeal to the County Court will lie.

After the adoption of the amendment to the Constitution above quoted in 1891, the Legislature passed an Act (it being chapter 33, Acts of the 26th Leg., p. 40), in which, in section 1, a court to be known as the Corporation Court was created, and, in section 2, it gave this court jurisdiction over all criminal cases arising under the ordinances of the city, town or village, and jurisdiction concurrently with any justice of the peace in all criminal cases arising under the criminal laws of this State in which the punishment is by fine only in not excess of $200. Section 3 provided for the election of a judge to be known as recorder to preside over said court. Section 6 provides that the rules of pleading, practice and procedure established for the County Court shall apply to such Corporation Court. Section 8 provides that, whether the prosecution be for violation of a city ordinance or law of the State, the complaint shall commence: "In the name of the State of Texas," and conclude, "against the peace and dignity of the State"; and, if a violation of an ordinance, may also read, contrary to the said ordinance. Section 10 provides that all fines imposed by said court shall be paid into the City Treasury; and section 16 gives the right of appeal to the County Court from a conviction in said Corporation Court, and, in Martin v. State, 69 S. W. Rep., 508, this right of appeal from the Corporation Court to the County Court is specifically recognized, and we think correctly so under this Act of 1899.

The Constitution, in section 22 of article 5, gives the Legislature the authority and power to confer jurisdiction on the County Court to entertain appeals from the Corporation Court, and by section 16 of the Act of 1899, the Legislature gave the right of appeal in all cases tried in the Corporation Court. Section 16 of the Act of 1899 provides for an appeal to the County Court and trial de novo in that court, and article 101 of the Code of Criminal Procedure specifically confers upon the County Court appellate jurisdiction of criminal cases of which Justice Courts and other inferior tribunals have original jurisdiction. There are no other inferior tribunals in this State with authority to try criminal cases other than Corporation Courts. It may be contended that a violation of a city ordinance is "not a criminal offense," but section 2 of the Act of 1899 so specifically defines it, and it must be so held as applicable to our Code of Procedure in passing on what are criminal cases within the meaning of the words therein used.

In Cyc., vol. 28, p. 821 et sec., it is shown that this right of review of judgments of Municipal Courts for violations of city ordinances is generally recognized in all the States and it is in our opinion specifically conferred on the County Courts by the statutes of this State.

Being of this opinion, the judgment of dismissal is reversed and the

cause remanded to the County Court, with instruction to that court to reinstate the cause and try the same.

Reversed and remanded with instructions.

*Reversed and remanded with instructions.*