## R. A. KING V. THE STATE.

No. 22541. Delivered June 9, 1943.
Rehearing Denied October 13, 1943.

The opinion states the hase.

*J. M. Parker*, of Gorman, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for selling whisky in Eastland County, a dry area; punishment, a fine of $100.00.

No attack during the trial was made upon the jurisdiction of the County Court of Eastland County to try the case, but it is now urged that said court was without jurisdiction which it is now claimed was in the district court. Appellant relies upon

Hutton v. State, 166 S. W. (2d) 133, not yet published in the Tex. Cr. Rep. (145 Tex. Crim. Rep. 109). The State concedes that if the opinion in Hutton's case is the law appellant's position is correct, but contends that the Hutton case was wrongly decided, and is in direct conflict with the holding in Galloway v. State, 23 Tex. Cr. App. 398, 5 S. W. 246, which case was not called to our attention and was entirely overlooked at the time the Hutton case was under consideration.

The Legislature in 1879 (Ch. 26, p. 21, Laws of Texas) took away from the county courts of a number of counties, including Eastland County, the civil and criminal jurisdiction theretofore vested in said county courts, and transferred to the district courts such jurisdiction. Prior to this legislation the County Court of Eastland County had jurisdiction concurrent with the justice court of criminal cases where the fines imposed for punishment could not exceed two hundred dollars, and had *exclusive* jurisdiction in all misdemeanor cases (save those involving official misconduct) where the fine permitted was over two hundred dollars, or a jail penalty might be assessed.

In 1881 the Legislature, (Ch. 71, p. 74. Laws of Texas) passed an Act restoring to the county courts in various counties— including Eastland County—the jurisdiction which had been taken away from them by the Act of 1879. The caption of the restoring act reads: "An act to restore to, and confer upon, the county courts of * * * Eastland * * * counties, the civil and criminal jurisdiction *heretofore* belonging to them under the Constitution and general statutes of the State, and to conform the jurisdiction of the district courts of said counties to such change."

Section 5 of said Act reads as follows: "Said county courts shall have exclusive original jurisdiction of all misdemeanors, except misdemeanors involving official misconduct, and except cases in which the highest penalty of fine that may be imposed under the law may not exceed two hundred dollars; and said courts shall also have appellate jurisdiction in criminal cases, of which justices of the peace and other inferior tribunals of said counties have original jurisdiction."

Section 6 of said Act, in part reads: "The district courts of said counties (naming them and including Eastland County) shall no longer have jurisdiction of cases of which the county courts of said counties, by the provisions of this Act have *exclusive* originial or appellate jurisdiction * * *."

It is noted that Section 5 of the restoring act with which we are here dealing is in precisely the same language as was Section 5 of the restoring act under consideration in Galloway's case (supra). We quote from Judge White's language from the opinion in that case:

"There can be no question as to the intent of the legislature as expressed in the caption of this act. It was to restore fully the jurisdiction as the same theretofore existed under the constitution and the general laws. If we compare the language used in section 5, supra, with that used in section 6, art. 5, Const., as to the criminal jurisdiction of the county courts, we will find a substantial concordance, and as to the general statute on the subject (Code Crim. Proc. art. 72) a comparison of language will show almost a literal reproduction of the general law by the section. The constitutional and general statutory provisions have uniformly been construed to confer concurrent jurisdiction upon the county court, with inferior courts, of misdemeanors not involving official misconduct,— where the highest penalty imposed did not exceed $200.00. Woodward v. State, 5 Tex. App. 296; Jennings v. State, Id. 301; Leatherwood v. State, 6 Tex. App. 244; Chaplin v. State, 7 Tex. App. 87.

"In this section 5 the limitation made by the exceptions named has reference, and can have reference, only to the 'exclusive original jurisdiction' of the county courts. It is this 'exclusive' jurisdiction which is the subject-matter for which alone the section is providing in reference to original jurisdiction. Concurrent original jurisdiction is not mentioned, nor is it attempted to be provided either for or against by the terms used. * * * The express words of the caption of chapter 49, Acts 1885, to restore to the county courts 'the civil and criminal jurisdiction heretofore belonging to said courts under the constitution and general statutes of the state.' This caption is a part of the law, and the constitution requires that the subject of the act shall be expressed in its title, and an act is void as to subjects not embraced in the title. Const. art. 3, sec. 35.

"In our opinion, the object and purpose of the act of 1885 were to restore and confer upon the county court of Burnet county such jurisdiction as it had under the constitution and general laws prior to the act of 1881; and that the provisions of that act are amply sufficient for that purpose. Under the general laws and constitution, the county court had jurisdiction, of the misdemeanor charged in this case. The objection to the jurisdiction, therefore, is not tenable."

The language of Sec. 5 heretofore quoted appears to be a recognition of the constitutional award of jurisdiction to justice courts of misdemeanors where punishment could not exceed a fine of $200.00; and to negative any effort on the part of the Legislature to violate said constitutional provision, which would have resulted had the Legislature attempted to vest *exclusive* jurisdiction in such cases in the county court. See State Constitution, Art 5., Sec. 19.

We regret that our attention was not called to the Galloway case (supra) at the time the Hutton case (supra) was under submission. Believing we reached an erroneous conclusion in said case the same is hereby expressly overruled and the principle announced in Galloway's case (supra) is approved.

Appellant cites us to Sec. 16, Art. 5 of the State Constitution, and particularly to the following language: "The County Court shall not have criminal jurisdiction in any county where there is a Criminal District Court, unless expressly conferred by law, and in such counties appeals from Justice Courts and other inferior courts and tribunals in criminal cases shall be to the Criminal District Court, under such regulations as may be prescribed by law; and in all such cases an appeal shall lie from such District Court to the Court of Criminal Appeals."

It is suggested that as there are two District Courts functioning in Eastland County with criminal jurisdiction, that the language quoted ousts the county court of jurisdiction because there was no criminal jurisdiction expressly conferred upon the County Court of Eastland County. The provision quoted has no reference to our district courts generally, but applies only where a Criminal District Court has been created with exclusive criminal jurisdiction conferred.

The judgment is affirmed.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant presents no new matter for our consideration. He insists that the conclusion reached in Hutton v. State, 166 S. W. (2d) 133, was correct and that we erred in overruling that case.

We have again reviewed this question and remain convinced that the conclusion here reached is correct.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.