**Ex parte Gilbert Manly SPRING.**

**No. 57268.**

Court of Criminal Appeals of Texas,
Panel No. 1.

June 7, 1978.

Rehearing Denied Sept. 19, 1979.

Donald S. Stirman and Joe J. Newman, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Larry Thomas, Asst. Dist. Attys., Houston, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from an order denying relief in a habeas corpus proceeding. The appellant was convicted in a City of Houston municipal court for the violation of V.T.C.A. Penal Code, Sec. 38.02. He appealed from that conviction to a county criminal court at law. Art. 1200cc, Sec. 7, V.A.C.S. The judgment was affirmed; after a capias pro fine was issued and executed, the appellant's application for a writ of habeas corpus was granted, but the relief sought was denied in County Criminal Court at Law Number One of Harris County. The appeal from that order is properly before this Court. Art. 44.34, V.A.C.C.P.; *Nichlos v. State*, 158 Tex.Cr.R. 367, 255 S.W.2d 522 (1952); *Ex parte Largent*, 144 Tex.Cr.R. 592, 162 S.W.2d 419 (1942).

The appellant asserts that Art. 1200cc, V.A.C.S. is unconstitutional since the procedure therein promulgated for the municipal courts that may be created by authority of that statute deprives a defendant of the constitutional right to equal protection of law. Art. 1200cc, supra, provides for establishment of municipal courts in cities with populations of over 1,200,000. These courts are courts of record from which appeals are taken on the record to a county criminal court. These appeals are determined by the appellate court solely on the basis of errors assigned in a motion for new trial as presented in a transcript and statement of facts prepared in the municipal court. Art. 1200cc, Sec. 8, V.A.C.S. The appellant contends that this procedure denied him equal protection of law since he did not get a trial de novo on appeal, whereas trials de novo are granted appellants from convictions in municipal courts established under the general law of this State. Arts. 44.17 and 45.10, V.A.C.C.P.

Art. V, Sec. 1 of the Texas Constitution provides that the judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in courts of Civil Appeals, in District Courts, in County Courts, in Commissioners Courts, in courts of the Justice of the Peace, and in such other courts as may be provided by law. It further provides that the Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district courts and other inferior courts thereto. This provision has been construed a number of times, and it has been held that the authority granted to the Legislature is plenary. E. g. *Harris County v. Stewart*, 91 Tex. 133, 41 S.W. 650 (1897); *Ex parte Abrams*, 56 Tex.Cr.R. 465, 120 S.W. 883 (1909); *Ex parte Wilbarger*, 41 Tex.Cr.R.

514, 55 S.W. 968 (1900); *Ex parte Bennett,* 85 Tex.Cr.R. 315, 211 S.W. 934 (1919). This constitutional provision allows the Legislature to provide for a flexible and adaptable judicial system. *Harris County v. Stewart,* supra.

The Legislature in Art. 1200cc, supra, which provides for municipal courts of record and for appeals on the record instead of trials de novo in certain cities, has allowed courts to be created in a classification that is reasonably related to the purpose of providing a flexible and more efficient court system. The Legislature has recognized that problems and conditions in the municipal courts in large metropolitan areas differ from those in the smaller cities and towns. We hold that Art. 1200cc, supra, does not deny the constitutional right to equal protection of law.

■ The appellant also argues that since Art. 1200cc, supra, is based on a population classification, it is a violation of Art. III, Sec. 56 of the Texas Constitution, which prohibits local or special laws relating to the affairs of cities and other political subdivisions. Notwithstanding the above constitutional provision, the Legislature has broad power to make classifications for legislative purposes and to enact laws for the regulation thereof, even though such legislation may be applicable only to a particular class or, in fact, affect only the inhabitants of a particular locality. Resort to population brackets for the purpose of classifying subjects for legislation is permissible where the spread of population is broad enough to include or segregate a substantial class, and where the population bears some real relation to the subject of legislation and affords a fair basis for the classification. See *Miller v. El Paso County,* 136 Tex. 370, 150 S.W.2d 1000 (1941); *Ex parte Carson,* 143 Tex.Civ.R. 498, 159 S.W.2d 126 (1942). As we have previously stated, Art. 1200cc, supra, is an attempt by the Legislature to deal with the problems and conditions facing municipal courts in large metropolitan areas. We hold that the class defined by Art. 1200cc, supra, is substantial, and bears a real relation to the subject of the legisla-

tion. The statute is not an unconstitutional local or special law.

■ Appellant also urges that he has been denied his constitutional right to equal protection of the law because the Houston Municipal Court is a court of record, Art. 1200cc, Sec. 1, V.A.C.S., whereas municipal courts established under the general law are not. Art. 1194, V.A.C.S., et seq. He argues that because final convictions in a court of record may be admitted in evidence at the punishment stage of a criminal trial, Art. 37.07, Sec. 3(a), V.A.C.C.P., he has been assessed a harsher penalty than may be assessed those convicted in other municipal courts. This contention is premature. Appellant's municipal court conviction has not been admitted in evidence in any subsequent criminal trial. A constitutional attack may not be based on an apprehension of future injury. *Bush v. Texas,* 372 U.S. 586, 83 S.Ct. 922, 9 L.Ed.2d 958 (1963); *Ex parte Usener,* 391 S.W.2d 735 (Tex.Cr.App. 1965); *Austin Fire and Police Departments v. Austin,* 149 Tex. 101, 228 S.W.2d 845 (1950).

■ Appellant contends that he has been denied the effective assistance of counsel because his request for oral argument on appeal to the Harris County Criminal Court at Law was denied. The denial of appellant's request for oral argument in no way impaired his right to the benefit of counsel within the procedure established by the statute, which does not explicitly provide for oral argument. Art. 1200cc, Sec. 8, V.A.C.S. The record shows that appellant has been represented by counsel at all stages of this case. Although not required to, a county court judge may hear oral argument on an appeal from the municipal court.

■ Because his fine did not exceed $100.00, appellant was unable to directly appeal to this Court from the affirmance of the Municipal Court judgment in the Harris County Criminal Court at Law. Art. 1200cc, Sec. 21, V.A.C.S. Appellant contends that he has thereby been denied his right to appeal. The right to appeal in a

criminal case is a statutory right, *Savage v. State*, 155 Tex.Cr.R. 576, 237 S.W.2d 315 (1950), and the jurisdiction of this Court is subject to such exceptions and limitations as may be prescribed by law. Texas Constitution, Art. V, Sec. 5. *Ex parte Bennett*, supra. Furthermore, the limitation on appeals to this Court contained in Art. 1200cc, Sec. 21, V.A.C.S., is consistent with the general limitation contained in Art. 4.03, V.A.C.C.P. See *Leggio v. State*, 489 S.W.2d 622 (Tex.Cr.App.1973); *Bass v. State*, 399 S.W.2d 558 (Tex.Cr.App.1966). None of the appellant's rights to appeal has been denied.

The judgment is affirmed.

Before the Court en banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

DALLY, Judge.

■ On his motion for rehearing appellant raises an alternative claim of denial of equal protection of the law. Rather than contending that residents of Harris County are treated unequally in comparison with residents in other counties across the state, appellant now claims that, within Harris County, the class of persons whose misdemeanor cases are filed in municipal court are treated unequally in comparison with those persons whose complaints were filed in a justice of the peace court. He argues that if the complaint had been filed in a justice of the peace court in Harris County instead of a municipal court of the City of Houston he would have had the right to a trial de novo on appeal, but since the complaint was filed in the municipal court he was deprived of the right to a trial de novo and his appeal was limited to the record made in municipal court. Art. 1200cc, Sec. 8, V.A.C.S.

1. We should also point out that Texas, like Kentucky, has a two-tier system to adjudicate less serious criminal cases. The County Criminal Courts of Law of Harris County have concurrent jurisdiction of misdemeanor cases with the justice of the peace courts and the municipal courts. The County Criminal Courts at Law of Harris County have the same jurisdiction in criminal cases as do constitutional county courts. See V.A.C.S. Articles 1970–95, 1970–110b, 1970–110c, 1970–110c.1, 1970–

These differences do not deny petitioner the equal protection of the law. The State can create a system of inferior courts that treats similarly situated offenders differently but with substantial equality. *Colten v. Kentucky,* 407 U.S. 104, 112–19, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972).[1] Judges in the municipal courts of the City of Houston must be licensed attorneys in good standing. Art. 1200cc, Sec. 3(e), V.A.C.S. In contrast, although many justices of the peace are licensed attorneys, there is no requirement that a justice of the peace be a licensed attorney. Art. V, Sec. 19, Texas Constitution. Where the initial proceeding will be in a court of record before a law-trained judge, as it is in municipal court, appeal is understandably confined to the record. Where the initial proceeding will be unrecorded and potentially before a lay judge, the broader right of appeal to a trial de novo in county court does no more than guarantee an equal right to due process of law. See *North v. Russell,* 427 U.S. 328, 333–37, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976).

Both the municipal court procedure and the justice of the peace court procedure assure an ultimate right to a recorded trial before a law-trained judge. Since both systems afford equal protection, petitioner's motion is denied.

ODOM and CLINTON, JJ., not participating.

ROBERTS, Judge, dissenting.

The majority denies appellant's motion for rehearing en banc. I would grant the motion and reverse the judgment.

In this motion appellant renews his attack on Art. 1200cc, V.A.C.S., which he claims operated to deprive him of the equal

110c.3. The charge in this case could also have been filed originally in one of these County Criminal Courts at Law. See *Fouke v. State,* 529 S.W.2d 772 (Tex.Cr.App.1975); *King v. State,* 146 Tex.Cr.R. 273, 174 S.W.2d 266 (1943); *Ballew v. State,* 26 Tex.App. 483, 9 S.W. 765 (1888); *Galloway v. State,* 23 Tex. App. 398, 5 S.W. 246 (1887), and the petitioner if tried in any one of these courts would not have been entitled to a trial de novo.

protection of the laws. Under the statute Harris County municipal courts are courts of record. However, Section 8 of Article 1200cc provides that misdemeanants convicted in municipal court who appeal their convictions to county criminal court may not as part of that appeal obtain a trial de novo. Instead, their appeal is limited to alleged errors contained in the record made in municipal court. Appellant was just such a defendant.

However, had the complaint against appellant been filed in a Harris County justice court instead of in municipal court, he would have been entitled to a trial de novo in county court after his lower court conviction. Art. 44.17, V.A.C.C.P. Appellant urges that because of this distinction, and because Harris County municipal courts have jurisdiction concurrent with justice courts,[1] he has been deprived of equal protection of the laws.

In *Missouri v. Lewis,* 101 U.S. 22, 31, 25 L.Ed. 989 (1880), the court stated the applicable rule to be as follows:

"[T]here is nothing in the Constitution to prevent any State from adopting any system of laws or judicature it sees fit for all or any part of its territory. If the State of New York, for example, should see fit to adopt the civil law and its method of procedure for New York City and the surrounding counties, and the common law and its method of procedure for the rest of the State, there is nothing in the Constitution of the United States to prevent its doing so. This would not, of itself, within the meaning of the Fourteenth Amendment, be a denial to any person of the equal protection of the laws. If every person residing or being in either portion of the State should be accorded the equal protection of the laws *prevailing there,* he could not justly complain of a violation of the clause referred to. For, as before said, it has respect to persons and classes of persons. It means that no person or class of persons shall be denied the same protection of the laws *which is enjoyed by other persons or oth-er classes in the same place and under like circumstances.*" (Emphasis added.)

The rule in *Lewis* was cited with approval in *Salsburg v. Maryland,* 346 U.S. 545, 551, 74 S.Ct. 280, 98 L.Ed. 281 (1954), and, more recently, in the Chief Justice's opinion for the majority in *North v. Russell,* 427 U.S. 328, 338–339, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976).

As Chief Justice Burger pointed out in *North,* the rule is subject to the proviso that "all people within the classified area are treated equally." 427 U.S., supra, at 339, 96 S.Ct. at 2714. But in Harris County, all equally-situated people are *not* treated equally. Those convicted in justice court have a right to trial de novo, while others, charged with the same offense in the same area but prosecuted in municipal court, are legislatively deprived of this valuable right. Such an arbitrary distinction exceeds even the admittedly broad power of the Legislature to act in this area. *Missouri v. Lewis,* supra; *North v. Russell,* supra. Cf. *Baxstrom v. Herold,* 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966).

I would hold that appellant's right to the equal protection of the laws has been violated. The judgment denying relief should be reversed and the cause remanded for a trial de novo in county court.

PHILLIPS, Judge, dissenting.

I join in the dissenting opinion of my Brother Judge Roberts. I further dissent on the basis of our own State Constitution. It is unquestioned that the Legislature has the power to prescribe jurisdictional modifications under Article V, Section 1 of the Texas Constitution. However, that power is simultaneously circumscribed by the provisions of Article I, Section 3 of our Constitution which provide, in pertinent part:

"All free men . . . have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments *or privileges* . . . ." (Emphasis added.)

The inevitable result of Article 1200cc is that a particular set of men is accorded a

---

1. See Section 2 of Article 1200cc.

particular privilege unavailable to others within the same jurisdiction. That is to say that all the Class C misdemeanants in Houston who enjoy the fortuitous circumstance of having their case filed in a justice court will have the privilege of a trial de novo upon appeal to the county court. On the other hand, those Class C misdemeanants who find their cases filed in the municipal courts of Houston will be relegated to an appellate determination of their cases on the basis of the cold record created, without the assistance of counsel, unless hired specifically by the appellant. See *Empy v. State,* 571 S.W.2d 526 (Tex.Crim.App.1978). Article 26.04, V.A.C.C.P. It appears then that the nature of appellate review that a Class C misdemeanant receives is ultimately determined by the discretion of the filing police officer. This type of discretion would seem to offend against the concept that the ultimate distinctions reached between individuals of the same class not be based on an arbitrary or capricious standard, but have some rational basis. Although the above discussion is related solely to Class C misdemeanants, it would have equal applicability to convictions for violations of municipal code ordinances under *Hickman v. State,* 79 Tex.Cr.R. 125, 183 S.W. 1180 (Tex.Crim.App.1916). Thus, I dissent on the further grounds that this statute violates Article I, Section 3 of the Texas Constitution.