NO. 07-04-0008-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 24, 2004

_____

DAVID RAMOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 46,215-E; HONORABLE ABLE LOPEZ, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION ON STATE'S MOTION TO DISMISS**

By opinion dated March 23, 2004, this Court granted the State's motion to abate this

appeal and remand the cause to the trial court with directions to re-certify appellant David

Ramos's right of appeal based on a pre-sentence waiver of the right to appeal without a

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

punishment recommendation. Pursuant to this Court's order, the trial court made findings of fact and conclusions of law. As relevant here, the trial court certified that appellant's case is a "plea bargain case, and the defendant has NO right of appeal." By its conclusions of law, the trial court held appellant is procedurally barred from appealing its decision to adjudicate guilt.

Appellant had been granted deferred adjudication community supervision in exchange for his guilty plea to possession of a controlled substance. Upon the State's motion to proceed with an adjudication of guilt, appellant pled true to the allegations. After hearing evidence, the trial court sentenced appellant to 20 years confinement. Appellant did not present punishment evidence nor object to the sentence.

Article 42.12, section 5(b) of the Texas Code of Criminal Procedure expressly denies a defendant the right to appeal from a trial court's determination to adjudicate guilt. Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); Phynes v. State, 828 S.W.2d 1, 2 (Tex.Cr.App. 1992). Although an appeal of all proceedings after an adjudication of guilt is not foreclosed by article 42.12, section 5(b) (*i.e.*, assessment of punishment, pronouncement of sentence), a review of the revocation hearing establishes that any possible complaints regarding post-adjudication proceedings were not preserved for review. *See* Tex. R. App. P. 33.1(a)(1)(A); *see also* Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr. App. 1999) *and* Issa v. State, 826 S.W.2d 159, 161 (Tex.Cr.App. 1992). Thus, we grant the State's motion and dismiss this appeal.

Accordingly, the appeal is dismissed for want of jurisdiction.


                                        Don H. Reavis
                                          Justice


Quinn, J., dissenting.


Publish.

NO. 07-04-0008-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 24, 2004

_____

DAVID RAMOS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 46,215-E; HONORABLE ABE LOPEZ, JUDGE
_____

***Dissent***

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[2]

I respectfully dissent from the majority opinion.

---

[2]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2004).

In perusing the record to determine whether any basis for appeal exists, the majority is essentially conducting an *Anders* review *sua sponte*. I know of no authority permitting that. Nor does either the majority or the State provide any. Indeed, the court has not even informed the appellant of its intent to invoke *Anders* in a situation wherein he has not been granted counsel, counsel has not opined that the appeal is frivolous, and appellant has not been accorded the opportunity to review the record and proffer argument illustrating potentially viable issues for appellate review. Providing an indigent appellant with such opportunity is inherent in the *Anders* process. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)*; Johnson v. State*, 885 S.W.2d 641, 646 (Tex. App.--Waco 1994, order) (order discussing procedures for *Anders* appeal). Moreover, questions of due process and its denial immediately arise upon the adoption of a procedure that permits dismissal of the appeal on the merits without according the appellant a chance to review the record and comment upon potential trial court error before the appeal is resolved.

Nor do I feel that I can safely assume that the State will protect or preserve the interest of the appellant when it opines that the appeal is frivolous and, thereby, triggers implementation of this hybrid *Anders* procedure. In an *Anders* situation, authority does obligate the reviewing court to conduct an independent analysis of the record. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (discussing the traditional *Anders* procedure). However, by the time we do that, counsel for the appellant, who has the task of zealously representing the interests of his client, has already conducted his own

5

investigation and opined about the existence of potential error. Here, the majority is simply excising the element of a zealous advocate from the equation established by the United States Supreme Court in *Anders*, again without citing any authority for doing so. And, while the office of the prosecutor has counsel learned in criminal law and procedure, one can reasonably suspect that few if any would be predisposed to parsing through the record with any eye favorable to the individual whom they just convicted and in search of error that would ultimately negate that conviction. So, it is unlikely that the recommendations of a prosecutor would provide an adequate substitute for those of independent counsel appointed to represent the appellant.

In close, I recognize the need to address and dispose of frivolous appeals in an efficient manner. To this end, a procedure much like that used to assess the merits of a civil suit initiated by an indigent prisoner may have some benefit. *See* TEX. CIV. PRAC. & REM. CODE ANN. §14.001 (Vernon 2002)*.* But, that procedure is a creature of statute enacted by the legislature, as is the right to appeal itself. TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979); *Ex parte Spring*, 586 S.W.2d 484, 485-86 (Tex. Crim. App. 1978) (stating that the right to appeal in a criminal case is statutory). Moreover, statute directs that rules or operating procedures applicable to the review of criminal cases cannot "abridge, enlarge, or modify the substantive rights of a litigant." TEX. GOV. CODE ANN*.* §22.108(a) (Vernon 2004). Thus, it lies within the jurisdiction of the legislature, not this court, to enact a procedure like that alluded to above. We cannot legislate for that body. And, until it acts,

6

I stay my own hand from curtailing the legislatively created right of appellant to appeal through the means now promulgated by the majority.

I respectfully dissent and invite the Court of Criminal Appeals to address the matter.


Brian Quinn
Justice

Publish.