NO. 07-04-0008-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 24, 2004



______________________________




DAVID RAMOS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 46,215-E; HONORABLE ABLE LOPEZ, JUDGE



_______________________________




Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)



MEMORANDUM OPINION ON STATE'S MOTION TO DISMISS



 By opinion dated March 23, 2004, this Court granted the State's motion to abate this
appeal and remand the cause to the trial court with directions to re-certify appellant David
Ramos's right of appeal based on a pre-sentence waiver of the right to appeal without a
punishment recommendation. Pursuant to this Court's order, the trial court made findings
of fact and conclusions of law. As relevant here, the trial court certified that appellant's
case is a "plea bargain case, and the defendant has NO right of appeal." By its
conclusions of law, the trial court held appellant is procedurally barred from appealing its
decision to adjudicate guilt.

 Appellant had been granted deferred adjudication community supervision in
exchange for his guilty plea to possession of a controlled substance. Upon the State's
motion to proceed with an adjudication of guilt, appellant pled true to the allegations. After
hearing evidence, the trial court sentenced appellant to 20 years confinement. Appellant
did not present punishment evidence nor object to the sentence.

 Article 42.12, section 5(b) of the Texas Code of Criminal Procedure expressly
denies a defendant the right to appeal from a trial court's determination to adjudicate guilt. 
Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); Phynes v. State, 828 S.W.2d
1, 2 (Tex.Cr.App. 1992). Although an appeal of all proceedings after an adjudication of
guilt is not foreclosed by article 42.12, section 5(b) (i.e., assessment of punishment,
pronouncement of sentence), a review of the revocation hearing establishes that any
possible complaints regarding post-adjudication proceedings were not preserved for
review. See Tex. R. App. P. 33.1(a)(1)(A); see also Hardeman v. State, 1 S.W.3d 689, 690
(Tex.Cr. App. 1999) and Issa v. State, 826 S.W.2d 159, 161 (Tex.Cr.App. 1992). Thus,
we grant the State's motion and dismiss this appeal.

 Accordingly, the appeal is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice



Quinn, J., dissenting.



Publish.


NO. 07-04-0008-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 24, 2004


______________________________



DAVID RAMOS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 46,215-E; HONORABLE ABE LOPEZ, JUDGE


_______________________________



Dissent


_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (2)

 I respectfully dissent from the majority opinion. 

 In perusing the record to determine whether any basis for appeal exists, the majority
is essentially conducting an Anders review sua sponte. I know of no authority permitting
that. Nor does either the majority or the State provide any. Indeed, the court has not even
informed the appellant of its intent to invoke Anders in a situation wherein he has not been
granted counsel, counsel has not opined that the appeal is frivolous, and appellant has not
been accorded the opportunity to review the record and proffer argument illustrating
potentially viable issues for appellate review. Providing an indigent appellant with such
opportunity is inherent in the Anders process. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); Johnson v. State, 885 S.W.2d 641, 646 (Tex.
App.--Waco 1994, order) (order discussing procedures for Anders appeal). Moreover,
questions of due process and its denial immediately arise upon the adoption of a procedure
that permits dismissal of the appeal on the merits without according the appellant a chance
to review the record and comment upon potential trial court error before the appeal is
resolved.

 Nor do I feel that I can safely assume that the State will protect or preserve the
interest of the appellant when it opines that the appeal is frivolous and, thereby, triggers
implementation of this hybrid Anders procedure. In an Anders situation, authority does
obligate the reviewing court to conduct an independent analysis of the record. See Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (discussing the traditional Anders
procedure). However, by the time we do that, counsel for the appellant, who has the task
of zealously representing the interests of his client, has already conducted his own
investigation and opined about the existence of potential error. Here, the majority is simply
excising the element of a zealous advocate from the equation established by the United
States Supreme Court in Anders, again without citing any authority for doing so. And, while
the office of the prosecutor has counsel learned in criminal law and procedure, one can
reasonably suspect that few if any would be predisposed to parsing through the record with
any eye favorable to the individual whom they just convicted and in search of error that
would ultimately negate that conviction. So, it is unlikely that the recommendations of a
prosecutor would provide an adequate substitute for those of independent counsel
appointed to represent the appellant. 

 In close, I recognize the need to address and dispose of frivolous appeals in an
efficient manner. To this end, a procedure much like that used to assess the merits of a
civil suit initiated by an indigent prisoner may have some benefit. See Tex. Civ. Prac. &
Rem. Code Ann. §14.001 (Vernon 2002). But, that procedure is a creature of statute
enacted by the legislature, as is the right to appeal itself. Tex. Code Crim. Proc. Ann. art.
44.02 (Vernon 1979); Ex parte Spring, 586 S.W.2d 484, 485-86 (Tex. Crim. App. 1978)
(stating that the right to appeal in a criminal case is statutory). Moreover, statute directs that
rules or operating procedures applicable to the review of criminal cases cannot "abridge,
enlarge, or modify the substantive rights of a litigant." Tex. Gov. Code Ann. §22.108(a)
(Vernon 2004). Thus, it lies within the jurisdiction of the legislature, not this court, to enact
a procedure like that alluded to above. We cannot legislate for that body. And, until it acts,
I stay my own hand from curtailing the legislatively created right of appellant to appeal
through the means now promulgated by the majority.

 I respectfully dissent and invite the Court of Criminal Appeals to address the matter.


 Brian Quinn

 Justice


Publish.

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004).