

NUMBER 13-10-00616-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

FIDEL CORTEZ,                                                                          Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

On appeal from the 28th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Benavides**

Appellant Fidel Cortez appeals his conviction for five counts of indecency with a

child by contact, a second-degree felony, and by exposure, a third-degree felony.   *See*

TEX. PENAL CODE ANN. § 21.11 (West 2011).   By six issues, which we renumber as

three,[1] Cortez asserts:  (1) constitutional challenges to the indictment and Texas Penal Code section 21.02; (2) that error existed in the jury charge as to Count One of the indictment and amounts to egregious harm; and (3) that the State made improper closing arguments.  We modify the judgment and affirm.

## I. BACKGROUND[2]

The State alleged in its indictment that Cortez committed various acts of sexual abuse against D.B., a child, from 2005 to 2008.  After a four-day trial, a Nueces County jury found Cortez guilty of five counts of indecency with a child.  *See id.*  The jury found Cortez guilty of the lesser-included offense of indecency with a child by contact under Count One's initial charge of continuous sexual abuse of a child.  *See id.* § 21.02 (West 2011).  The jury acquitted Cortez on Count Three of the indictment, which alleged sexual abuse against D.B. on September 5, 2005.

The trial court sentenced Cortez to twenty years' imprisonment in the Texas Department of Criminal Justice's Institutional Division.  This appeal ensued.

## II. CONSTITUTIONAL CHALLENGES TO SECTION 21.02

In four issues, which we consolidate into one, Cortez asserts constitutional challenges to his indictment, conviction, and punishment as it relates to section 21.02 of the penal code.  *See* TEX. PENAL CODE ANN. § 21.02.

### A. Standard of Review

Before a court decides an issue involving the constitutionality of a statute, it must first assure itself that the party raising such a claim has presently been injured by the

---

[1] We merged Cortez's first, fourth, fifth, and sixth issues.  *See* TEX. R. APP. P. 47.1.

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

statute. *Meshell v. State*, 739 S.W.2d 246, 250 (Tex. Crim. App. 1987) (en banc). This requirement stems from our reluctance to decide constitutional questions unless absolutely necessary because "a constitutional attack may not be based on an apprehension of future injury." *Id.* (quoting *Ex Parte Spring*, 586 S.W.2d 482, 485 (Tex. Crim. App. [Panel Op.] 1978)); *see State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 909 (Tex. Crim. App. 2011).

**B.    Discussion**

Cortez first argues that his indictment and conviction under Count One for continuous sexual abuse of a young child, *see* TEX. PENAL CODE ANN. § 21.02, for the lesser offense of indecency with a child, *id.* § 21.11, violates the U.S. Constitution's prohibition against ex post facto laws. *See* U.S. CONST. art. I, § 9 cl. 3. Cortez argues that section 21.02 only allows conviction for acts which occurred after September 1, 2007, and because the jury had the option to choose other acts and allegations in the remaining counts—which preceded September 1, 2007—a constitutional issue arises. We disagree. Cortez was convicted under the lesser-included offense of indecency with a child under Count One of his indictment and not the greater offense of "Continuous Sexual Abuse of a Young Child." Indecency with a child under section 21.11 is a classified as an "act of sexual abuse" and a lesser-included offense under section 21.02. *See* TEX. CODE CRIM. PROC ANN. art. 37.09 (West 2006). Because Cortez was not convicted, and thereby not "injured" under section 21.02, we decline to address his constitutional ex-post facto challenge.

Next, Cortez argues that the enhanced punishment provision of section 21.02(h), which makes the "continuous abuse" offense a first-degree felony punishable by

twenty-five years' to life imprisonment, is unconstitutional. *See Apprendi v. New Jersey*, 530 U.S. 466, 489–90 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *see also Blakely v. Washington*, 542 U.S. 296, 303–04 (2004). Here, Cortez was punished pursuant to section 21.11, not 21.02. Therefore, we decline to address his constitutional challenge to the punishment scheme set out in section 21.02 because Cortez has no standing to assert this claim. *See* TEX. PENAL CODE ANN. § 21.02(h). Finally, Cortez challenges the constitutionality of section 21.02 on grounds that it requires a lower burden of proof from the State and, more generally, that it is an "unconstitutional, unnecessary, and redundant law." *See id.* Again, we decline to address these arguments because Cortez's conviction stemmed from penal code section 21.11 and not the statute that he attacks on appeal. *See id.* § 21.11.

Because Cortez has not suffered an injury from section 21.02, we decline to express an opinion as to the constitutionality, policies, or practicality of the statute. *Meshell*, 739 S.W.2d at 250. Cortez's first issue is overruled.

## III. CHARGE ERROR

In his second issue, Cortez contends that the jury was not properly instructed in the trial court's charge that only acts occurring on or after September 1, 2007 could be considered regarding Count One.

### A. Standard of Review

Our first duty in analyzing a jury charge issue is to decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005) (en banc). Next, we

4

analyze whether sufficient harm resulted from the error to compel reversal. *Id.* at 44. The degree of harm necessary to require reversal depends on whether the defendant preserved the error by objection. *Id.* If a defendant properly objects to the charge, we will reverse upon a showing of "some harm" to his rights. *Id.* (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc)). If a defendant fails to object or states that he has no objection to the charge, we will reverse only upon a showing of "egregious harm." *Ngo*, 175 S.W.3d at 744; *see also Almanza*, 686 S.W.2d at 171.

**B.     Discussion**

Count One of Cortez's indictment alleged, in part, that:   Cortez, during a period that was 30 days or more in duration, on or about November 1, 2007 through October 1, 2008, committed two or more acts of sexual abuse against a child younger than 14 years of age, namely indecency with a child by touching. *See* TEX. PENAL CODE ANN. § 21.02. The jury charge instructed jurors, in-part, to convict Cortez under Count One if it found beyond a reasonable doubt that during a period that was 30 days or more in duration, to wit: on or about November 1, 2007 through October 1, 2008, he committed two or more acts of sexual abuse against a child younger than 14 years of age, namely indecency with a child by touching.  The charge also instructed the jury that the State is not required to prove the exact date alleged in the indictment, but may prove the offense, if any, to have been committed at any time before presentment of the indictment, so long as the indictment occurs within ten years before the complainant turns 29 years of age.

We agree with Cortez that for a defendant to be convicted under penal code section 21.02, the alleged acts of sexual abuse must take place after the statute became effective on September 1, 2007. *See Martin v. State*, 335 S.W.3d 867, 873 (Tex.

5

App.—Austin 2011, pet. ref'd). Cortez's argument is not what the challenged instruction said, but rather in what it failed to say. *See id.* at 874. The State alleged acts of sexual abuse in other counts of the indictment. The trial court instructed the jury on those counts which pre-dated September 1, 2007 and did not *sua sponte* instruct the jurors that they were prohibited from convicting Cortez under Count One for acts committed before September 1, 2007. This failure to instruct was in error. *See id.* at 876 (holding that the trial court has a duty to instruct jurors on its own motion of the date limitation for acts alleged under penal code section 21.02).

We conclude, however, that this error did not create egregious harm. "Egregious harm" in Texas is defined as error that is "calculated to injure the rights of [a defendant] to the extent that he has not had a fair and impartial trial." *Almanza*, 686 S.W.2d at 172. Moreover, under *Almanza*, the harm must be "actual, not just theoretical harm." *Id.* at 174. Here, as discussed previously in this opinion, Cortez was not convicted under section 21.02. Accordingly, the erroneous instruction resulted in harmless error because the jury convicted him of the lesser-included offense. Any potential harm in this case was theoretical because the jury did not find him guilty of the greater offense, and thus did not deny him a fair and impartial trial. Cortez's second issue is overruled.

## IV. PROSECUTOR'S ARGUMENTS

In his final issue, Cortez contends that the State's improper final arguments amounted to prosecutorial misconduct requiring reversal.

### A. Discussion

Cortez asserts that the State's prosecutor erroneously: (1) argued how the complainant's young age was "just about where he likes them" and that the only thing

6

that stopped Cortez continuing with the alleged abuse was the amount of people who lived in the apartment where it took place; (2) asked the jury to "imagine how a child would feel" at the witness stand being questioned about every time she was touched; and (3) injected a personal opinion that criticized an analogy used by Cortez's trial counsel.

As a prerequisite to presenting a complaint on appeal, the record must show that an objection was made stating the grounds for the ruling that the defendant sought from the trial court with sufficient specificity to make the trial court aware of the complaint, and that the trial court ruled or refused to rule on the objection. Tex. R. App. P. 33.1(a). A defendant's failure to object to a jury argument or a defendant's failure to pursue and adverse ruling on his objection to a jury argument forfeits his right to complain about the argument on appeal. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (en banc). Before a defendant will be permitted to complain on appeal about an erroneous jury argument or incurable jury arguments, he must show that he objected and pursued an adverse ruling to his objection. *Id.* Here, Cortez failed to object and pursue an adverse ruling on his objection in order to properly preserve this issue on appeal. Accordingly, we overrule Cortez's third issue. *See* Tex. R. App. P. 33.1(a).

## V. MODIFICATION OF JUDGMENT

We note that the trial court's judgment incorrectly lists Texas Penal Code "Section 21.22" as the associated statute for the conviction. This error appears to be typographical because no such section number currently exists in the penal code. The Texas Rules of Appellate Procedure give this Court authority to modify judgments *sua sponte* to correct typographical errors and make the record speak the truth. See Tex. R.

APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); R*hoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd).   We conclude that the reference in the judgment to section 21.22 of the Penal Code should be struck.  We modify the judgment by striking the reference to section 21.22 of the penal code from the judgment, and we correct the judgment to reflect the statute underlying the conviction was section 21.11 of the penal code.   *See* TEX. PENAL CODE ANN. § 21.11.

## VI.    CONCLUSION

We affirm the trial court's judgment as modified.

_____
GINA M. BENAVIDES,
Justice


Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
2nd day of August, 2012.

8